---

FREDRICHS et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

MUNICIPAL CORPORATIONS—APPROPRIATION OF LANDS—DEMAND BEFORE DEFAULT—INTEREST.

    Laws 1894, c. 746, § 4, provides that a city shall, within four calendar months after the confirmation of a report appropriating lands, pay to the parties from whom the lands were taken the sum adjudged due by the report, and in default thereof shall pay the same with interest thereon from date of demand. Plaintiff made demand for such payment on Saturday,—one day before the expiration of the four months,—asking for the payment and for interest thereon from the day following his demand. *Held*, that such demand, being made before the city was in default, did not fix a liability on it for interest.

Appeal from trial term.

Action by Edward Fredrichs and another against the city of New York. Judgment for plaintiffs (58 N. Y. Supp. 285), and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Theodore Connoly and George Landon, for appellant.
George H. Rudolph, for respondents.

INGRAHAM, J. This action was brought to recover interest upon an award made to the plaintiffs for property taken by the city under chapter 746 of the Laws of 1894. Under the provisions of that act a proceeding was commenced to acquire the title to a piece of property belonging to the plaintiffs. Commissioners were duly appointed to appraise such property. By section 2 of the act before referred to it is provided that the commissioners of estimate and apportionment shall report to the supreme court the respective sums to be allowed to owners and proprietors generally of the property taken; "and on such final confirmation of such report, the said mayor, aldermen and commonalty of the city of New York shall become and be seised in fee of all the said lands laid out for the said park and parkways, the same to be appropriated, converted and used to and for the aforesaid purposes accordingly." By section 4 of the act it is provided that "the said mayor, aldermen and commonalty shall, within four calendar months after the confirmation of the said report, pay to the parties entitled thereto, the respective sum or sums so estimated or reported in their favor, respectively, and in default thereof, said persons or parties respectively, his, her or their

respective heirs, executors, administrators, successors or assigns, may sue for or recover the same, with lawful interest, from and after demand thereof, and the costs of suit." It appeared that the defendant, on or about December 14, 1897, took possession of the plaintiffs' property. The report of the commissioner was confirmed by an order of the court dated December 10, 1897, and such final confirmation must be deemed consummated by this order, and as having taken place upon the day on which the order was entered. There is no statement in the case as to the day the order was entered, but it certainly could not have been entered before the day of its date. Under section 4 of the act the defendant had the full period of four calendar months from the confirmation of the report within which to pay the amount awarded to the plaintiffs, and until the expiration of that time the city was not in default. The owners of property were not entitled to make a demand for the award, so as to place the city in default, until the expiration of the full four calendar months, and that included the whole of the 9th day of April, 1898. The 9th day of April, 1898, fell on Saturday, and upon any construction of the statute the city had all of the 9th day of April, 1898, within which to pay the award. It appears that on Saturday, April 9, 1898, the plaintiffs filed with the comptroller of the city of New York a demand for the payment of the money, and for interest thereon from April 10, 1898, the day following the demand; but this, it seems, was not a demand required by the statute to impose upon the city the payment of interest. The time allowed by the statute to pay the award had not, at the time this demand was made, expired. The object of the statute is to give to the city four months after the confirmation of the report to enable it to prepare to make the payments, so that it may be prepared to pay upon the demand of the persons to whom the award is payable after the expiration of that period. It is manifestly impossible for the city officials to look up the person to whom such an award is payable, and tender the money to him. While the city is authorized to make the payment before the expiration of the four months, it has that time within which to make the necessary preparation for such payment; and then, at any time after the expiration of the four months, it must be prepared to pay upon demand to the persons entitled to any money for the property taken under the statute; and, if it refuses to pay upon demand after the expiration of the four months, a right of action is given the persons to whom the money is payable, and such persons are entitled to recover the amount of the award, with interest from the date of the demand,—such being the date at which the city was in default for not paying the amount of the award as directed by the statute. A demand before the expiration of the four months is ineffectual, and whether that demand was made the day after the order of confirmation was entered or the day before the expiration of the four months can make no difference in the legal consequence resulting from the demand. It is unnecessary to determine upon this appeal whether or not the four months expired on Sunday or Monday. It would appear, however, that under the general rule, as stated in the statutory construction act (sections 26 and 27 of chapter 677 of the Laws of 1892), where an act is to be per-

formed within a number of days, Sunday or a public holiday must be excluded from the reckoning if it is the last day; and this would have given the city the whole of Monday, April 11th, within which to pay the award. Certainly, a demand for this award on Saturday, April 9th, was not a demand made after the expiration of four months given to the city to provide the necessary funds to meet the payments; and nothing appears in the record to show that the city would not have made the payment had the demand been made after the expiration of the four months. The amount of the award was paid to the plaintiffs before the commencement of this action, leaving the only question at issue the obligation of the city to pay the interest on the award from the 10th of April, 1898, to the date of the payment of the award; and, as it does not appear that any demand was made on the city for payment after the expiration of the four months before date of actual payment, it would seem to follow that under the statute the city was not liable for interest.

It was stated by the learned judge below in deciding the case that the claim that the demand should have been made after the expiration of the four months, instead of before, was purely technical, and he held that the demand made on April 9th was a substantial compliance with the requirements of section 4 of chapter 746 of the Laws of 1894, and was sufficient to start the running of interest from April 10th. We think that in this the learned court failed to give effect to the provision of the statute which gives to the city the whole four months within which to make provision for the payment, and that the city was not bound to answer a demand of the plaintiffs until after the expiration of the four months. Consequently, a demand made before the expiration of four months from the date of the confirmation did not put the city in default, and did not impose upon the city the penalty of paying interest upon the amount of the award. We think, therefore, that the defendant was not liable for interest, and that the judgment should be reversed. As it is quite clear that, upon the conceded facts, there can be no liability of the city for the interest, it is useless to order a new trial.

The judgment should be reversed, and the complaint dismissed, with costs. All concur.