## In re CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. CONDEMNATION FOR STREET—INTEREST ON AN AWARD TO UNKNOWN OWNER
—LIABILITY OF CITY.

Greater New York Charter, § 1001 (Laws 1901, p. 426, c. 466), provides, inter alia, that all damages awarded by the commissioners of estimate and assessment in proceedings to acquire title to land, with interest thereon from the date of their report, and all costs and expenses, shall be paid by the city to the respective persons and bodies referred to therein, or in whose favor such costs or expenses shall be taxed, and that interest shall cease on the awards six months after the confirmation of the report, unless within that time demand therefor be made on the comptroller. Held that, where demand was made thereunder for a sum awarded to an unknown owner for land taken for a street, it was not a claim against the city under section 261 (page 114), which the latter, through its comptroller, might investigate under section 149 (page 50), and thus escape the consequent penalties; and that the city or its comptroller, to avoid liability for interest beyond the six months, need not ascertain the identity of the demandant, but that it was incumbent on the latter to establish his title by the proceedings prescribed by such section 1001 before the city would be liable.

Appeal from Special Term.

Application by the city of New York to acquire title to Montgomery street, in the borough of Brooklyn. From an order directing the comptroller to pay into court awards for damages, with interest thereon from the date of the report of the commissioners of estimate and assessment until the day of payment, the city appeals. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

John J. Delany, Corp. Counsel (John P. Dunn, of counsel), for appellant.

C. C. Ferris, for respondent.

JENKS, J. The petitioner claims certain awards made to unknown owners in proceedings by the city to acquire title to lands for street purposes. Pursuant to the procedure prescribed by section 1001 of the Greater New York Charter (Laws 1901, p. 426, c. 466) he moved for a payment of the awards into court, and for the appointment of a referee to take proof of title. The city opposed the motion "only so far as interest is claimed on the awards since the expiration of the period of six months after the confirmation of the report of the commissioners of estimate and assessment." The Special Term ordered the comptroller to pay the awards into court, together with interest thereon "from the 3d day of November, 1902, the date of the report of the commissioners of estimate and assessment, until the day when such awards may or shall be paid into court." As the order was granted October 12, 1903, the interest is for more than six months after the date of the report. The city appeals, to present the question whether the petitioner is entitled to a payment into court of interest for more than the six months.

Section 1001 of the charter in part provides:

"All damages awarded by the commissioners of estimate and assessment, with interest thereon from the date of said report, and all costs and expenses which may be taxed, shall be paid by the city of New York to the respective persons and bodies politic and corporate mentioned or referred to in said report, or in whose favor such costs or expenses shall be taxed. Interest shall cease to run on sums awarded as damages six months after the date of the confirmation of the said report unless within that time demand therefor be made upon the comptroller."

The general rule is that the city is vested with title to the land upon the confirmation of the report. Section 990, Charter. The damages are payable upon the confirmation of the report. Section 970, Id. But we are to deal only with the interest that is to be paid subsequent to the six months. The statute itself (ut supra) limits the absolute right to interest to that period, and thereafter interest is conditional upon the demand prescribed by the statute. I regard such interest in the nature of a penalty—as damages for the wrongful act of the city in withholding payment. See Cutter v. The Mayor, 92 N. Y. 166; Devlin v. The Mayor, 131 N. Y. 123, 30 N. E. 45. In Donnelly v. The City of Brooklyn, 121 N. Y. 9, 24 N. E. 17, the court say:

"As stated by the learned counsel for the plaintiff, the provisions of the statutes (2 Rev. St. 364, § 9; Code Civ. Proc. § 1211) fixing the time for the

running of interest upon judgments are simply declarations of the rule at common law that damages are recoverable as an indemnity for a nonpayment of liquidated pecuniary demands at maturity, when they should have been paid. It was held in Sanders v. L. S. & M. S. R. R. Co., 94 N. Y. 641, that interest was recoverable upon such judgments 'not by virtue of any contract to pay interest, but simply as damages because the defendant was in default in the discharge of its obligation to the plaintiff, and wrongfully withheld money from him.' The same rule in the same language was laid down in O'Brien v. Young, 95 N. Y. 428 [47 Am. Rep. 64]."

And in United States v. Sherman, 98 U. S. 565, 25 L. Ed. 235, the court say:

"It accrues only after the recovery has been had. Moreover, whenever interest is allowed either by statute or by common law, except in cases where there has been a contract to pay interest, it is allowed for delay or default of the debtor."

When the alleged demand, hereinafter noticed, was made, the confirmed report showed that these awards were due, but only to certain persons who had not been ascertained in the proceedings, and who were therefore described as unknown. It is not alleged that at the time of the demand there was identification of the petitioner with the unknown owners. Common business prudence would warrant a refusal to pay such awards to the petitioner merely upon his assertion that he was the unknown owner. In Cutter v. The Mayor, supra, it is said:

"Where, however, a demand is necessary as a foundation for a claim of interest, it must be a distinct demand for the sum of money to which the party is then entitled. It is not enough that by some change of circumstance, brought about by his own act or the act of others, he may become entitled to it."

See, too, Carpenter v. The City of New York, 44 App. Div. 230, 60 N. Y. Supp. 633.

In default of proof by the claimant of his identity with the unknown owners, the wrong of the city or of its officers which justifies the right to interest for a period of more than the six months must necessarily be found in some neglect or omission of the city or of its officers after the petitioner had claimed the awards standing due to unknown owners. On general principles it should not be the duty of the city or of its comptroller to seek or to search out the unknown owners for the purpose of tender. It would be most unjust to require it of him to ferret out one who naturally should establish and readily could establish his identity. See O'Keeffe v. City of New York, 176 N. Y. 297, 68 N. E. 588; Fredicks v. City of New York, 44 App. Div. 274, 276, 60 N. Y. Supp. 724. Presumably, the city holds the money ready for the owner, and I know of no rule of law which would make it liable for a penalty until after a demand made by him to whom it appears then payable, followed by its refusal or neglect to pay. See Barnes v. Mayor, 27 Hun, 236, 241. Indeed, the statute in this case expressly provides for a demand, and the question is whether the action of the petitioner by way of compliance therewith satisfied the statute; i. e., whether, upon the demand alleged in this case, the refusal or omission of the city or of its comptroller to pay the award carried the penalty of interest. The petitioner alleges that on or about the 20th day of May, 1903, he duly presented his claim for the payment of said awards to

the comptroller of the city of New York, but no payment or adjustment thereof has been made. I read this allegation to mean that the petitioner demanded that the award to unknown owners be paid to him as being the unknown owner. I do not interpret the charter scheme to have required action on the part of the city or the comptroller towards the ascertainment of the identity of the unknown owner with the petitioner perforce of such remand, at the penalty of a continuance of the interest beyond the six months. This case is not within the purview of section 1002 of the charter. Section 1002 seems to offer an escape to the city from a payment of interest for the full six months' period. At any rate, if the city does not avail itself thereof, then there is a positive liability for interest for the six months. Section 1001. If there be no demand, further interest is not payable (Id.), save that at the expiry of a year after the date of the confirmation of the report— i. e., the day when the title vested in the city of New York (section 990) —interest again begins to run, provided the city has not availed itself of the said section 1002. Section 1002. Thus, in the case at bar, interest was payable for six months from November 3, 1902, the date of the commissioners' report. Section 1001. It ceased at the expiry of six months therefrom, if no demand was made. Id. If the city did not avail itself of section 1002, interest became payable again from one year, namely, on November 25, 1902. But this proceeding was instituted before the expiry of that year, namely, in September, 1902, pursuant to section 1001, and hence is not to be determined by reference to the provisions of section 1002. The argument of the learned counsel for the respondent is that the petitioner has made the demand contemplated by section 1001. It is contended that the demand therein referred to is that contemplated by section 261, p. 114, of the charter, and that, inasmuch as the comptroller thereupon could, perforce of section 149, p. 50, of the charter, have investigated the "claim" of the petitioner, the city is in virtual default for his omission thus to establish the assertion of the petitioner that he and the unknown owners were identical. The demand contemplated by section 1001 is not the assertion of a claim which the city may investigate, and thus escape a lawsuit and its consequent penalties. True, the words "demand" and "claim" are often interchangeable, and are taken as synonymous. Lord Coke has said that "demand" is as broad a word as any save "claim" itself. But it is not used in its broadest sense in this section, as epuipollent with "claim," but it refers to a request made by the payee for money which has theretofore been legally determined as then payable to him, and which is specifically held for payment to him by the city.

Further, there was always open to the petitioner a proceeding specially prescribed by section 1001, whereby he could have established his title. He has not hitherto invoked this proceeding, but, standing at gaze, complains, in effect, that, as the city has not done so, it must be mulcted in damages. In United States v. Sherman, supra, the court say:

"It is due to the dilatoriness of the relator himself. He might have applied to the Circuit Court for the certificate of probable cause immediately on the rendition of the judgment, as is generally done, though commonly by

the defendant. But he waited for nearly five years, from June 18, 1869, to June 8, 1874. It would be strange indeed, if by his own delay he can compel the United States to pay interest on a judgment which it was ready to pay as soon as its liability accrued."

In People v. Canal Commissioners, 5 Denio, 401, the court say:

"It is not, however, necessarily to be inferred from this principle that the state must seek its creditor, and pay the debt as soon as it accrues, at the peril of paying interest; or that the public creditor may refrain from demanding it, and entitle himself to interest as long as he chooses, forbear asking for it after it becomes due, and to demand it when he pleases with the accruing interest. Such a result would be oppressive to the state and intolerable for its inconvenience."

The practical result of the contention of the respondent in this case and in all other similar cases would be that one who could show that he was an unknown owner need not, but might make his demand in mask, and so require the city either to establish his identity at the peril of furnishing him with an investment during the life of the statute of limitations, or take refuge under section 1002. The alternative alone removes this case from the full force of the criticism made in O'Keeffe v. City of New York, supra. I do not believe that the law affords such possible reward to willful inertia. The petitioner should not be rewarded for standing still nor the city punished for not moving. The order must be modified in accord with this opinion, with costs to the appellant.

Order, so far as appealed from, reversed, with $10 costs and disbursements. All concur.