MINZESHEIMER v. PRENDERGAST, Comptroller.

(Supreme Court, Appellate Division, First Department.   May 19, 1911.)

1. EMINENT DOMAIN (§ 247*)—STREET CLOSING AWARDS—INTEREST.
   Compensation for easements lost to an abutter by closing a street under Laws 1895, c. 1006, should be based on his loss as of the date of the closing, plus interest to the date of the commissioners' report, constituting a single award of damages; interest on the total award, beginning 30 days after demand for payment, being recoverable as a penalty for delay in payment and not as part of the compensation.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 638–643; Dec. Dig. § 247.*]

2. EMINENT DOMAIN (§ 85*)—"PROPERTY."
   Street easements are "property" within the protection of the state and federal Constitutions.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 221–226; Dec. Dig. § 85.*
   For other definitions, see Words and Phrases, vol. 6, pp. 5693–5728; vol. 8, pp. 7768–7770.]

3. EMINENT DOMAIN (§ 238*)—STREETS—CLOSING—AWARDS—PRESUMPTIONS.
   An award to an abutter under the street closing act (Laws 1895, c. 1006) will be presumed to include interest on the amount of damages to the date of the commissioners' report, in the absence of proof to the contrary, when the report states in effect that the award includes the owner's entire loss and damage.
   [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 238.*]

4. EMINENT DOMAIN (§ 243*)—STREETS—CLOSING—AWARDS—CONCLUSIVENESS.
   It is too late, after unopposed final confirmation of a report, making an award to an abutter under the street closing act (Laws 1895, c. 1006), to claim that interest on his damages was not included.
   [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 243.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Mandamus proceeding by Charles Minzesheimer against William A. Prendergast, Comptroller. From an order refusing to compel payment of interest on a street closing award, petitioner appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Harold Swain, for appellant.
James Regan FitzGerald, for respondent.

SCOTT, J. Appeal by a property owner from an order denying his motion to compel payment of interest upon a street closing award.

[1] The petitioner owned a plot of land formerly fronting on Seventh avenue which was legally closed, under the terms of the street closing act (Laws 1895, c. 1006), on November 2, 1895. Proceedings having been instituted by the city in 1896 to acquire title to Walton avenue, petitioner on May 13, 1902, procured an order under section 14 of the said act of 1895, directing the commissioners of estimate and assessment in the Walton avenue proceeding to ascertain and report the damage which he had sustained by the closing of Seventh avenue upon which his land fronted. No question is made as to the regularity of the proceedings. On December 5, 1905, the commissioners made their report, in which they awarded to petitioner the sum of $1,200, as damages sustained by reason of the closing of Seventh avenue, stating in their report as follows:

"We further report that our awards represent the entire loss and damage which the owners of or parties interested in the lands, affected by the abandonment and discontinuance and closing of the discontinued or closed streets or avenues, have suffered therefrom. * * * "

This report was confirmed on June 14, 1906, and on June 27, 1906, the petitioner made a formal written demand upon the comptroller for the payment of said award, "with such interest, if any, as may have lawfully accrued on such award." The city appealed to this court, and to the Court of Appeals from the order confirming the final order of the commissioners, with the result that said order was affirmed on December 17, 1909, so far as concerns the award to this petitioner. On October 19, 1910, the comptroller notified the petitioner that he was prepared to pay said award, but refused to pay any interest thereon, whereupon the petitioner instituted this proceeding to compel the payment of said award *with* interest. A similar question was recently passed upon by us in Matter of Edelmuth, 127 N. Y. Supp. 445 (not yet officially reported), wherein we held that under like circumstances a property owner damaged by the closing of a street in front of his premises was entitled to interest upon the award from a date 30 days after he has made a proper demand upon the comptroller for payment. It is needless to restate the reasons which led to that conclusion. The petitioner was therefore entitled, at all events, to interest upon his award from July 27, 1906.

He, however, goes further and raises a question not considered in the Edelmuth Case, by claiming that he is entitled to interest from November 2, 1895, the date on which, by the filing of the map of the new street plan, Seventh avenue became legally closed and discontinued.   The argument is that the legal closing and discontinuance of the street at once deprives the abutting owner of his easements therein, which are property and cannot be taken without just compensation, and hence, by analogy to the provision of the consolidated act applicable to the acquisition of land for street openings, the petitioner should receive interest upon the award from the date upon which he was divested of title.   See Laws 1882, c. 410, § 992, as amended by Laws 1893, c. 660, and Laws 1895, c. 449.

[2] It is not to be denied that street easements are property and within the protection of the state and federal Constitutions.   Muhlker v. N. Y. & Harlem R. Co., 197 U. S. 544, 25 Sup. Ct. 522, 49 L. Ed. 872;  Birrell v. N. Y. & Harlem R. Co., 198 U. S. 390, 25 Sup. Ct. 667, 49 L. Ed. 1096.   Nor is it to be questioned that the commissioners of estimate, in fixing the damages to be paid by way of compensation to an abutting owner whose street easements have been destroyed, should award not only the value of these easements when legally taken, but also interest thereon down to the date of the report (Matter of 178th Street, 107 App. Div. 22, 94 N. Y. Supp. 838, affirmed on opinion below 183 N. Y. 571, 76 N. E. 1094);  but such interest forms a part of the compensation or damages and should be awarded as such.   It is not necessary therefore that it should be separately stated as interest.   This obligation to include an allowance as for interest in the award does not rest upon anything in the street closing act, which is silent upon the subject, but upon the constitutional requirement that *due* compensation must be made.   In this respect the statute differs from section 992 of the consolidation act (as amended), which plainly contemplates that, in cases in which title vests in the city before the vesting of the report, the commissioners shall appraise the damages as of the date when title vested;  interest being paid thereon from such date by virtue of the statute, and not because included in the estimate of damage.

[3] There is nothing to show that the commissioners of estimate have not done their full duty in making their award to petitioner. Their report states that their awards represent "the entire loss and damage" which the owners of the property affected, including the petitioner, have suffered.   If it does include the "entire loss and damage," it must include an allowance by way of interest upon the damage which accrued when the legal closing of the street became effective.

[4] If this award was insufficient, either because it did not include interest, or for any other reason, it is now too late for the petitioner to question it.   Even if it expressly appeared—as it does not—that the commissioners had not included interest in their award, it would still be too late, after permitting the report to be confirmed without opposition, to now claim that the award was insufficient.   Matter of Belmont St., 128 App. Div. 636, 112 N. Y. Supp. 858.

Our conclusion therefore is that the legal closing of a street under the street closing act involves the destruction of the abutters' street easements which are property and for which just compensation must be made; that in estimating such compensation it is the duty of the commissioners to ascertain the loss to the abutters as of the date when the street was legally closed, adding thereto interest to the date of their report; that such loss and interest taken together constitute the damage and may be included in one sum as damage without designating how much is allowed for loss and how much for interest; that, when the commissioners state that their awards represent the entire loss and damage which any person named therein has suffered in consequence of the closing of the street (in these or equivalent words), it will be presumed, in the absence of proof to the contrary, that the awards include both the loss at the date the street was legally closed, and interest thereon to the date of the report; that it is too late, after a report has finally been confirmed without opposition, for a claimant to insist that his award is insufficient either because interest was not included in the award or for any other reason. The interest which is required to be included in an award is given by way of compensation. The interest upon the award, which is to begin on a day 30 days after demand, is not a part of the compensation, but is given as a penalty for delay in payment. It is this latter interest alone to which the petitioner is entitled on this application.

The order appealed from will therefore be so modified as to require the comptroller to pay the award to the petitioner with interest from July 27, 1906, and as so modified will be affirmed, without costs to either party. All concur.