In the Matter of the Application of CHARLES MINZE-SHEIMER, Appellant, for a Peremptory Writ of Mandamus against WILLIAM A. PRENDERGAST, as Comptroller of the City of New York, Respondent.

New York (city of) — closing or discontinuing streets — interest on award to property owner — provisions of statute (L. 1895, ch. 1006) applicable thereto.

1. So far as it is not specifically provided by chapter 1006 of the Laws of 1895, the provisions of the New York city charter, existing at the time of the award, should govern an assessment of damages in street opening proceedings in that city.

2. Where an award was made for damages for closing a street after the date when section 990 of the New York city charter (L. 1897, ch. 378) went into effect, chapter 1006 of the Laws of 1895 does not require interest to be added to such award from a time prior to the date of the report, although the proceeding was commenced before the charter went into effect.

*Matter of Minzesheimer* v. *Prendergast*, 144 App. Div. 576, affirmed.

(Argued January 10, 1912; decided January 30, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 6, 1911, which modified and affirmed as modified an order of Special Term denying a motion to compel payment of interest upon a street closing award.

The facts, so far as material, are stated in the opinion.

*Harold Swain* for appellant.   The commissioners were not to be concerned whether title had or had not vested prior to the time they made their report except to ascertain the damages as of the prior date if the title had vested, and as of the date of their report if it had not vested. If it had so vested, the statute by its own force gave to the owners the interest which were their due.   If it had not vested prior to confirmation, then the vesting took place at that time and the property owner became entitled to interest from that date.   (*Matter of Bd. of Street Opening,* 35 App. Div. 406; *Matter of Mayor,* 197 N. Y. 519; *Matter of Dorsett,* 179 N. Y. 496; *Matter of Mayor, etc.,* 40 App. Div. 452; *Matter of East One Hundred & Seventy-fifth Street,* 49 App. Div. 114.)   The provisions of the Consolidation Act as amended, and not the charter, necessarily governed the actions of the Walton avenue commission.   (*Matter of Mayor, etc.,* 40 App. Div. 452; 161 N. Y. 622; *Matter of East One Hundred & Seventy-fifth Street,* 49 App. Div. 114; 162 N. Y. 661; *Matter of Mayor, etc.,* 96 App. Div. 424.)   The method of payment provided by the statute contemplates payment of interest upon the amount awarded in the commissioners' report. (L. 1895, ch. 1006, § 11; L. 1895, ch. 449, § 992.)

*Archibald R. Watson, Corporation Counsel (Joel J. Squier, George E. Draper* and *James Regan Fitz-Gerald* of counsel), for respondent.   Commissioners acting by authority of chapter 1006, Laws of 1895, awarded all the damages sustained up to the date of their report. (*Gillender* v. *City of New York,* 127 App. Div. 612; *Matter of Edelmuth,* 142 App. Div. 576; *Matter of Mayor, etc.,* 40 App. Div. 281; *Matter of Belmont St.,* 128 App. Div. 636.)   Chapter 1006 of the Laws of 1895 does not provide for interest on awards in proceedings had thereunder and no interest is payable unless the city refused or neglected to pay after a proper demand was filed.   (*Matter of Edelmuth,* 142 App. Div. 785.)

18

CHASE, J. By the order appealed from the comptroller was directed to pay the appellant interest on an award made to him in the Walton avenue proceeding from July 27, 1906 (thirty days after demand), to the date of payment. The appellant seeks to compel the comptroller to pay him interest on such award from November 2, 1895, the date when a map was filed pursuant to section 2, chapter 1006, Laws of 1895, omitting certain streets fronting upon lands owned by the appellant, to July 27, 1906. It is provided in section 14 of said act of 1895 that when application is made by a person interested in land fronting upon a street that is discontinued and closed as provided by said act, the court may order the same commissioners of appraisal or of estimate and assessment appointed to open any street in the neighborhood of the land of such person to ascertain and determine "The compensation which should justly be made for any loss and damage to the respective owners, lessees, parties and persons respectively entitled in possession, reversion or remainder unto, in and to, or included in any lands, tenements, hereditaments, premises, easements, rights or interests taken, affected or damaged by and in consequence of the discontinuance or closing of said street." And it is also further therein provided that "The proceedings to ascertain and determine the same shall be conducted and completed in accordance with the provisions of existing laws relative to the opening of the street or avenue for which the said commissioners were appointed."

It is claimed by the appellant that the laws existing when the proceeding to acquire lands to open Walton avenue was commenced were contained in the Consolidation Act and charter of the city of New York (Laws of 1882, chap. 410), and that section 992 of the Consolidation Act, as amended by chapter 660 of the Laws of 1893 and chapter 449 of the Laws of 1895, provided that "All damages awarded by the commissioners of estimate and

assessment with interest thereon from the date when title to the lands shall have vested in the mayor, aldermen and commonalty of the city of New York, as pro, vided in this chapter, * * * shall be paid * * * to the respective persons * * *."

The demand for a reversal or modification of the order appealed from is based upon the quoted provision from the Consolidation Act read with the quoted provisions from said act of 1895.

When it appears upon an application for the payment of an award made for damages by reason of closing a street as provided by said act of 1895, that although the original proceeding was commenced prior to the Greater New York charter taking effect (January 1, 1898), that the award was made by the commissioners of estimate and assessment as provided by section 990 of the Greater New York charter, which was in force at the time when the appellant obtained the order to have his damages assessed by said commissioners and at the time when the report of the commissioners was made, the courts are not required to so interpret the language of the act of 1895 as to require that interest be added to such award from a time prior to the date of the report.

A uniform rule for the assessment of damages makes it desirable that, so far as it is not specifically provided by the act of 1895, the provisions of the charter existing at the time of the award should govern. (*Matter of Edelmuth,* 202 N. Y. 602.)

We concur in the opinion of SCOTT, J., delivered herein at the Appellate Division. The order should be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and COLLIN, JJ., concur.

Order affirmed.