In re EINSTEIN et al.

(Supreme Court, Appellate Division, Second Department.　May 1, 1912.)

1. APPEAL AND ERROR (§ 171*)—REVIEW—THEORY OF PARTIES.

On appeal in a proceeding against New York City for the payment of awards allowed for the opening of a street, where both parties in their briefs contended that the specification in the commissioners' report of the names of the parties entitled to the award was so indefinite as not to amount to any specification at all, and that the report should be considered as if the awards were made to unknown owners, the appellate court should confine itself to the theory mutually agreed upon, and there-fore under the direct provisions of Greater New York Charter (Laws 1901, c. 466) § 1002, the city was liable for interest from a date one year after the confirmation of the commissioners' report; the money not having been paid into court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1063, 1066, 1067, 1161–1165; Dec. Dig. § 171.*]

2. MUNICIPAL CORPORATIONS (§ 403*)—PUBLIC IMPROVEMENTS—AWARDS OF DAMAGES—INTEREST.

Where an award of damages to property owners for injury in opening a new street was made to unknown owners, interest for six months after the confirmation of the commissioners' report of the award of damages provided for by Greater New York Charter (Laws 1901, c. 466) § 1002, should not be allowed; the allowance of interest being a penalty against the city for its failure to pay which has no application in this case, the city not knowing who were the payees.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 982–988; Dec. Dig. § 403.*]

Appeal from Special Term, Queens County.

In the Matter of the Application of William Einstein and another as administrators to collect awards allowed in proceedings to open Debevoise avenue. From a judgment confirming the report of a referee, the applicants appeal, and the Comptroller of the City of New York prosecutes a cross-appeal. Order reversed, and case remanded, with directions.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

Merle I. St. John, of New York City, for petitioners.

George E. Draper, of New York City (Joel J. Squier and G. E. Draper, both of New York City, on the brief), for Comptroller of City of New York.

CARR, J. In a proceeding begun by the city of New York to acquire lands for the opening of Debevoise avenue, in the borough of Queens, the report of the commissioners made a number of awards to certain persons specified therein as follows: "David L. Einstein and others as executors, etc." This report was confirmed by an order of the Supreme Court entered on February 11, 1907. The awards not having been paid in the meanwhile, the petitioners, who are the administrators with the will of Lewis Einstein, deceased, annexed, applied at Special Term for an order directing payment to them, as the parties thereto entitled, of the amount of said awards.

A reference was ordered to take proofs and to report with an opinion. The referee reported in favor of the petitioners, with opinion that they were entitled to the awards with interest thereon for a period of six months from the confirmation of the commissioners' report, and likewise for the further period beginning one year after the date of said confirmation. The referee's report was confirmed at Special Term only as to the allowance of the first period of interest, and was overruled as to the second period. There are cross-appeals from the order entered upon the referee's report. The question of the allowance of interest under these circumstances is regulated by sections 1001 and 1002 of the Greater New York Charter (Laws 1901, c. 466). By section 1001 the city is made liable for interest for at least a period of six months from the date of the confirmation of the commissioners' report in favor of "the respective persons and bodies politic or corporate mentioned or referred to in said report" as being awarded damages, but it is likewise provided that such shall cease at the end of six months, unless a demand has been made for payment. By section 1002 it is provided that where awards have been made for damages, and "the name or names of the owner or owners, parties or persons entitled unto or interested in any lands, * * * taken for any of the purposes aforesaid shall not be set forth or mentioned in the said report of the commissioners of estimate," it shall be the duty of the city to pay the amount of the awards into court, and, in default of such payment into court, the city is made liable for interest thereon from a date beginning one year after the final confirmation of the report of the commissioners.

[1] On this appeal both the petitioners and the city contend in their briefs that the attempted specification in the commissioners' report of the names of the persons entitled to the awards in question here was so indefinite as not to amount to any specification at all, and that the report is to be so considered as if the awards were made to "unknown owners." If so, and we think that this court is bound to confine itself to the theory mutually agreed upon and deliberately asserted by both the respective litigants, then the order of the Special Term, so far as it disallowed interest from a date one year after the confirmation of the commissioners' report, was erroneous, for concededly the moneys were not paid into court as provided in section 1002.

[2] This brings us, then, to the consideration of the question whether, under section 1001, interest runs on the awards for a period of six months from the date of the confirmation of the commissioners' report. It is the contention of the city on this appeal that interest does not run, under section 1001, on an award made to "unknown owners," but runs only in favor of "the respective persons and bodies politic or corporate mentioned or referred to in said report," as the owners of the land taken in the proceeding. No precedent is cited construing this section on this precise question. In Matter of City of New York (Montgomery Street) 91 App. Div. 532, 86 N. Y. Supp. 1035, it was assumed without decision and without any contention having been made by the respective litigants then before the court that interest upon the award would run in favor of "un-

known owners" for six months after the confirmation of the commissioner's report. But it was there pointed out clearly that interest, if it ran at all, ran only as a penalty "as damages for the wrongful act of the city in withholding payment." There could be no wrongful act of the city in withholding payment, unless it knew to whom it had to make such payment. The appropriate source of such information should be the commissioners' report and the order confirming it. If these sources did not supply the information, then the city was not in default until steps were taken, as provided in said section, to have the moneys paid into court to await an inquiry and determination as to the persons who should be the payees.

The order of the Special Term might be justified on the theory that there was a sufficient specification in the commissioners' report of the names of the payees of the award, but such is not the theory of the respective litigants, and their rejection of it is' not without apparent soundness.

The order should be reversed without costs, and the matter remitted to the Special Term for an appropriate order in accordance with this opinion. All concur.