Matter of the Application of LYDIA GUILER for Payment of Award for Damage Parcel 36 (East Ninety-fourth Street), Borough of Brooklyn.

(Supreme Court, Kings Special Term for Motions, June, 1916.)*

Condemnation proceedings — interest on award — Greater New York Charter, § 1002.

Where in a condemnation proceeding an award was made to a party named but who died before confirmation of the report of the commissioners of estimate without any change in the proceedings, interest on the award, under section 1002 of the Greater New York charter, must be allowed from a year after the date of the confirmation of said report to the date of payment.

MOTION to confirm report of referee.

Philip M. Bromberg, for motion.

Andrew C. Troy and Edwin J. Talley, assistants corporation counsel, opposed.

---

* Received too late for insertion in proper place and reported upon request.— [REPR.

CROPSEY, J. Motion to confirm report of referee. The only objection raised by the city relates to the question of interest. The referee reported that the petitioner was entitled to interest on the award " from the date of the report of the commissioners of estimate to the date of the order confirming the said report and with interest thereon from a date one year after the order confirming the said report to the date of payment." The provisions relating to the payment of interest on such awards are contained in sections 1001 and 1002 of the charter. Section 1001 applies generally where the award is made to known owners. In such cases interest runs from the " date " of the report, but ceases " six months after the date of the confirmation of said report, unless within that time demand therefor be made upon the comptroller." Section 1002 covers the cases where the persons to whom awards are made are under age or incompetent or absent from the city, or where the award is made to unknown owners, or where the parties named in the report as being entitled to the award " cannot upon diligent inquiry be found." In such cases interest begins to run " from a day one year after the date upon which the said report is finally confirmed," unless before that time the city pays the award into court. These sections do not apply to the same situation. That is, an award of interest cannot be made under the provisions of both sections. Every case must come under either one or the other (Matter of Einstein, 150 App. Div. 856), and the distinction between the two sections is plain. One covers those cases in which the property owner is known, is available, and is competent to take the award. The other covers cases in which the property owner either is not known or, if known, is not available or is incompetent to take the award. In this proceeding the

award was made to a party who was named, but before the report was confirmed that party had died. There was no change in the proceedings and the report was confirmed, with the result that the award in question was made to the person who was then dead. The question is, under which section does this come? The answer seems to be plain. While a name was given in the report as that of the owner of the property taken, no such person in fact existed at the time of its confirmation. Certainly the person so named could not be found and was not competent to take the award. This seems clearly to bring this proceeding within section 1002 of the charter. Interest therefore should be allowed from a date one year after the day of the confirmation of the report to the date of payment. *Matter of Board of Street Opening,* 35 App. Div. 406; *Matter of Cammann,* 143 id. 223; *Matter of Einstein, supra;* affd., 208 N. Y. 588. The allowance of interest from the date of the report to the date of its confirmation seems to have been erroneous. The report of the referee is modified by eliminating that provision, and as modified affirmed. It would seem that these proceedings to secure the payment of awards could be heard by the court even when proof is taken. The court has heard a number of them this month, and the entire proof is submitted within a few minutes. The practice of sending such matters to referees seems unnecessary and takes needless time and puts the parties to unnecessary expense. Settle order on notice.

Ordered accordingly.