In the Matter of the Application of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to East One Hundred and Forty-ninth Street, from Southern Boulevard to Harlem River, in the City of New York.

COMPTROLLER OF THE CITY OF NEW YORK, Appellant; MERLE I. ST. JOHN, as Receiver in Supplementary Proceedings of the Property of THOMAS DUGGAN, Respondent.

First Department, May 27, 1921.

Eminent domain — damage awarded to unknown owners for land taken for street purposes in New York city — award including interest from time title vested to time award made confirmed — interest does not run on award to unknown owners — interest not allowed where real owner asserts and proves right — claimant not entitled to interest from time title vested to date of payment.

In proceedings to compel the comptroller of the city of New York to pay to a receiver in supplementary proceedings the amount of an award made to unknown owners for land taken for street purposes it appeared that the award, which was duly confirmed, included interest from the time title vested in the city to the time that the award was made, and that section 990 of the Greater New York charter then provided that interest should be considered as a part of the compensation.

Held, that under section 1001 of the Greater New York charter, as it stood at the time the award was made, unknown owners were not entitled to interest on the award;

That there is no provision of law by which interest upon an award to unknown owners can be allowed when the real owner ultimately asserts and proves his title;

That the claimant was entitled to the amount of the award, which included interest from the date of vesting title to the date of the award, but was not entitled to interest to the date of payment of the award.

APPEAL by the Comptroller of the City of New York and another from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of April, 1920, resettling an order of said court dated March 20, 1920, directing payment to Merle I. St. John, as receiver, of an

award made to unknown owners in this proceeding, with interest.

*John P. O'Brien* [*Joel J. Squier* of counsel; *William B. R. Faber* with him on brief], for the appellants.

*Merle I. St. John*, respondent in person.

DOWLING, J.:

This appeal is taken by the city of New York and the comptroller of the city of New York from an order, as resettled, confirming the report of a referee and directing said comptroller to pay to Merle I. St. John, as receiver in supplementary proceedings of the property of Thomas Duggan, the award made to unknown owners for damage No. 34, amounting to $677.05, together with lawful interest thereon from March 30, 1896, the date of vesting of title in the city, to the time of payment. The appeal is only from so much of the order as directs the payment of interest.

The proceeding to acquire title to East One Hundred and Forty-ninth street, in which the award here in question was made, was instituted under the Consolidation Act (Laws of 1882, chap. 410), as amended.

The commissioners of estimate and assessment were appointed by an order of the Supreme Court entered on September 19, 1895.

On October 4, 1895, the former board of street opening and improvement, acting under authority of the Consolidation Act (Laws of 1882, chap. 410, § 956, as amd. by Laws of 1895, chap. 449), adopted a resolution directing that title to each and every parcel of land lying within the lines of East One Hundred and Forty-ninth street should vest in the mayor, aldermen and commonalty of the city of New York on the 30th day of March, 1896.

On December 11, 1899, and after the Greater New York charter (Laws of 1897, chap. 378) went into effect, the commissioners of estimate and assessment signed their first partial and separate report, in which the award for parcel damage No. 34, involved in this proceeding, was made. It was as follows:

First Department, May, 1921.                    [Vol. 196

| "Map No.<br>* * * | Owners<br>* * * | Damage<br>Estimated    Final<br>* * * |
|---|---|---|
| 34 | Unknown | Land — $677.05<br>Interest —  150.19 " |

Thus the total amount awarded for land and interest was the sum of $827.24.

The report also contained a finding that the total amount of the interest on all awards, so included in the report, was the sum of $247,090.70.

Further, the commissioners certified: " And we do further report that we have included in our awards for the lands, tenements and hereditaments and premises taken in this proceeding as part of the compensation, interest on said awards from the date of vesting of title in this proceeding to the date of this our report, pursuant to Section 990 of the Greater New York Charter."

Section 990 of the Greater New York charter (Laws of 1897, chap. 378), in effect when the report was made, made provision that the board of public improvements might direct by resolution in specified cases that title to the land sought to be taken for street or park purposes should vest in the city of New York on the filing of the oath of the commissioners of estimate and assessment or on a date not less than six months thereafter. Where title had vested (as in the case at bar) it was provided: " In such cases interest at the legal rate upon the sum or sums to which the owners, lessees, parties or persons are justly entitled upon the date of the vesting of title in The City of New York, as aforesaid, from said date to the date of the report of the commissioners shall be allowed by the commissioners as a part of the compensation to which such owners, lessees, parties or persons are entitled."

On December 26, 1899, an order was made by the Supreme Court (duly entered in the office of the clerk of the county of New York on January 16, 1900) confirming the said first partial and separate report of the commissioners, which recited and ordered as follows:

" And it appearing that the various notices required by law have been duly published and posted by said Commissioners and that all other things have been performed as by

law required and that said report is in all respects regular and just.

" And it appearing from said report that the Commissioners herein have included in their awards as part of the compensation interest on said awards from the date when title vested in the City of New York to the date of the commissioners' report.

" Now on motion of John Whalen, Corporation Counsel of the City of New York and after hearing John P. Dunn of Counsel and Thomas S. Bassford of Counsel for certain property owners in support of said motion and Joseph A. Flannery of Counsel for certain other property owners and Henry A. Gumbleton of Counsel for certain other property owners in opposition to so much of said report as includes interest on the awards.

" And after further hearing James A. Dunn of Counsel for Marie Padula, claimant to Damage Map No. 157 in support of the motion to confirm the report and Henry A. Gumbleton of Counsel for Charles P. Faber in opposition thereto.

" Ordered that said report of said Commissioners as to all damage map numbers therein except damage map No. 157 be and the same is hereby in all·respects confirmed."

No appeal was ever taken from this order nor has it ever been modified in any way.

On August 14, 1919, Merle I. St. John, as receiver in supplementary proceedings of the property of Thomas Duggan, made a motion in the Supreme Court for the appointment of a referee to examine the petitioner's title, and upon the coming in of his report, for an order directing the payment to petitioner of the award made in this proceeding for damage No. 34.  This motion was based upon a petition setting forth the chain of title to damage No. 34, by which it appeared that Margaret Duggan, the owner of the premises in question in 1888, had died in 1900 leaving her surviving her husband, Thomas Duggan.  The petition set forth after reciting the steps taken in the condemnation proceeding and the filing of the commissioners' report:

" *Third.* In the said report the Commissioners made an award of $677.05 principal and $150.19 interest, making a total amount of $827.24, to an unknown owner for premises

taken by the City of New York in the above mentioned pro-
ceeding described on Damage Map and in the Report of the
Commissioners as Damage No. 34.   This award has not been
paid into Court nor to any person."

The referee's report shows that the award in question
belonged to Thomas Duggan and had passed from him to the
petitioner as his receiver.   The report contains the following
statement:

" The testimony shows that in the report of the Commis-
sioners of Estimate and Assessment in the above entitled
proceedings, which bore date December 11, 1899, and which
was confirmed by an order dated December 26, 1899, and
filed January 16, 1900, in the office of the Clerk of New York
County, an award of $677.05 principal and $150.19 interest,
making a total amount of $827.24, was made to an unknown
owner for premises taken by The City of New York in the
above mentioned proceeding described on Damage Map and
in the report of the Commissioners as Damage No. 34."

Despite this, the referee was of opinion " that an order
should be made directing the Comptroller or Chamberlain
of The City of New York to pay to Merle I. St. John, as
Receiver in supplementary proceedings of Thomas Duggan,
the award of $677.05, made for Damage No. 34 in proceedings
to open East 149th Street from Southern Boulevard to the
Harlem River, together with interest at 6% from March 30,
1896, to the time of payment, after deducting therefrom the
costs of this reference and whatever lawful liens the City may
have against the said fund."

By the order appealed from it is directed " that the Comp-
troller of The City of New York, on behalf of The City of
New York, pay the award made for Damage No. 34 in the
report of the Commissioners in the above entitled proceeding,
amounting to Six hundred and seventy seven and 5/100
($677.05) Dollars, together with lawful interest thereon from
March 30, 1896, to the time of payment," as specified therein.

I am of the opinion that the court could not thus disregard
the action of the commissioners, as confirmed by order of the
Supreme Court, which fixed the award for damage No. 34,
not at $677.05 but at $827.24.   The amount of $827.24 was
ascertained in accordance with the law as it stood when the

commissioners acted and included not only a principal sum of $677.05 but interest amounting to $150.19 computed from the date of vesting title to the date of report, pursuant to the provisions of section 990 of the Greater New York charter, as then in force. The action of the court in confirming the report over the objections of certain property owners that interest should not be included was a binding and final determination, from which no appeal was ever taken. The amount of the award in question was, therefore, $827.24 and no other amount could now be fixed by the court as the principal of the award.

The determination of the amount of damage represented by the award having been finally made under the order entered January 16, 1900, section 1001 of the Greater New York charter, as then in existence, became applicable which, so far as it is material, provided as follows: " All damages awarded by the commissioners of estimate and assessments with interest thereon from the date of said report, and all costs and expenses which may be taxed, shall be paid by The City of New York to the respective persons and bodies politic or corporate mentioned or referred to in said report, or in whose favor such costs or expenses shall be taxed. Interest shall cease to run on sums awarded as damages six months after the date of the confirmation of said report unless within that time demand therefor be made upon the comptroller." (Laws of 1897, chap. 378, § 1001.)

No demand was ever made within the period of six months referred to, so that in no event could interest have run after that time.

But this award being made to unknown owners, respondent, under the provisions of the same section of the charter (1001), would not have been entitled even to the six months' interest on the award. In *Matter of Einstein* (150 App. Div. 856; affd., 208 N. Y. 588) the late Mr. Justice CARR said: " This brings us, then, to the consideration of the question whether, under section 1001, interest runs on the awards for a period of six months from the date of the confirmation of the commissioners' report. It is the contention of the city on this appeal that interest does not run, under section 1001, on an award made to ' unknown owners,' but runs only in

favor of ' the respective persons and bodies politic or corporate mentioned or referred to in said report,' as the owners of the land taken in the proceeding. No precedent is cited construing this section on this precise question. In *Matter of City of New York (Montgomery Street)* (91 App. Div. 532) it was assumed, without decision and without any contention having been made by the respective litigants then before the court, that interest upon the award would run in favor of ' unknown owners ' for six months after the confirmation of the commissioners' report. But it was there pointed out clearly that interest, if it ran at all, ran only as a penalty ' as damages for the wrongful act of the city in withholding payment.' There could be no wrongful act of the city in withholding payment unless it knew to whom it had to make such payment. The appropriate source of such information should be the commissioners' report and the order confirming it. If these sources did not supply the information, then the city was not in default until steps were taken, as provided in said section [§ 1001] to have the moneys paid into court to await an inquiry and determination as to the persons who should be the payees."

Hence the award of $827.24 for damage No. 34 being made to unknown owners does not come within the six months' period fixed by section 1001, nor could any valid demand be made which would start interest running under that section. By section 1002 of the Greater New York charter it was provided that it should be lawful for the city to pay the amounts of awards to unknown owners into the Supreme Court, to be invested as the court might direct, which should be as effectual as a payment made to the real owners; but " Although this statute made it the duty of the city to pay these awards into court, no penalty or other consequence was provided in case of non-compliance and since there was no provision of statute imposing the payment of interest in such a case, the city could not be charged with interest by way of penalty for non-payment." (*Matter of Baker,* 178 App. Div. 1.)

The commissioners included in their report interest between the dates which the statute authorized, viz., the time when title vested and the date of the report. The rights and

liabilities of the parties became fixed when the order of confirmation was made by the court. " The report was confirmed by the court, and, until set aside or reversed, is a final and conclusive adjudication, binding alike upon the city and the owner, of the rights of the owner upon the one hand and the liability of the city upon the other. In this respect it is as conclusive as a judgment would be. (*De Peyster* v. *Mali*, 92 N. Y. 262.) The court has no power in a summary and collateral proceeding, and, after the report has been confirmed, to add to it a provision increasing an award by way of interest." (*Matter of Belmont Street*, 128 App. Div. 636.)

There was no provision of law by which interest upon an award to unknown owners could be allowed when the real owner ultimately asserted and proved his title.

It follows, therefore, that the order of Special Term appealed from in so far as it allows interest on the award of $677.05 made to " unknown owners " by the commissioners herein for damage No. 34, from the date of vesting of title (March 30, 1896) to the date of payment thereof, should be modified so as to direct payment of the award of $827.24, without interest, and as so modified affirmed, with ten dollars costs and disbursements to the appellants.

Clarke, P. J., Smith, Page and Greenbaum, JJ., concur.

Order modified as directed in opinion and as so modified affirmed, with ten dollars costs and disbursements to appellants. Settle order on notice.