In the Matter of the Application of ELIZABETH JORDAN STARR, Respondent, as Committee of the Person and Property of ISABELLA JORDAN, an Incompetent Person, for Payment of Award Made for Parcel No. 26, on the Damage Map and in the Report of the Commissioners of Estimate and Assessment, in Proceeding for the Extension of Seventh Avenue, from Greenwich Avenue to Carmine Street, etc., in the Borough of Manhattan, City of New York.

COMPTROLLER OF THE CITY OF NEW YORK and THE CITY OF NEW YORK, Appellants.

First Department, December 16, 1921.

Eminent domain — city of New York — compensation award to unknown owners in street-opening proceeding — committee for incompetent owner entitled to interest intermediate date of report and its confirmation as part of lawful compensation for property taken.

Where an award has been made to unknown owners in a street-opening proceeding in the city of New York, the committee for an incompetent owner is entitled to interest intermediate the date of the report and its confirmation, not as a penalty or as a statutory award, but as part of the lawful and necessary full compensation for the property taken.

The basis of the allowance of interest being due compensation to the owner, the rule applies to all owners of property taken, whether named in the report or not, and whether their identity is then known or later disclosed.

APPEAL by the Comptroller of the City of New York and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of January, 1921, directing the comptroller of the city of New York on behalf of the city of New York to pay to the respondent interest on a certain award from the date of the commissioners' report to the date of the confirmation thereof.

*Joel J. Squier* of counsel [*William B. R. Faber* with him on the brief; *John P. O'Brien, Corporation Counsel*], for the appellants.

*Michael J. Mulqueen* of counsel [*Charles Lamb* with him on the brief], for the respondent.

DOWLING, J.:

The commissioners of estimate and assessment in the Seventh avenue proceeding were appointed July 31, 1913. Title to the property acquired therein vested in the city of New York September 3, 1913. The commissioners' final report was dated July 24, 1919, and was confirmed by an order of the Supreme Court entered November 19, 1919. By that report the commissioners made an award for parcel damage No. 26 (the property involved in this controversy) to unknown owners in the sum of $31,731.20 and $11,216.98 interest, making a total of $42,948.18. The interest was computed from the time when title vested in the city until the date of the report (July 24, 1919).

The respondent's attorney states in his brief that: " Isabella Jordan was at the date of title vesting entitled to the award to be made for the property designated on the Commissioners' Damage map as Parcel No. 26. She appeared by her attorney before the commissioners, filed proof of claim and submitted documentary evidence of title and possession of the property for a period of twenty years preceding the date of vesting title, but as she was an incompetent person by reason of imbecility caused by old age the award was made to " Unknown Owner." But the record before us does not contain proof of any of these alleged facts.

All that appears, therefore, is that after the award to " Unknown Owner," an order was made by the Supreme Court on December 10, 1919, confirming the findings of the commissioner and jury as set forth in the inquisition returned by them, whereby they found that Isabella Jordan was of unsound mind and incompetent to manage herself or her affairs in consequence of lunacy; and said order further appointing Elizabeth Jordan Starr sole committee of the person and property of the incompetent.

Thereafter Elizabeth Jordan Starr as such committee presented her petition to the Supreme Court on December 27, 1919, for an order directing the comptroller of the city of New York to pay to her the money awarded by the commissioners for the taking of damage parcel No. 26, " amounting to the sum of $31,713.20 and $11,216.98, subject to a mortgage for $8,000 and interest of about $3,000 thereon to July 24th,

1919, and lawful interest on said sum after deducting any assessments on the remaining land of the petitioner, and all taxes and other lawful charges unpaid and a lien upon the premises which said Damage Parcel No. 26 formed a part."

The matter was referred to a referee by order dated February 18, 1920, who reported after a hearing that " the Commissioners in the above entitled proceeding had made an award for Damage Parcel No. 26 of $31,731.20, with $11,216.98 interest thereon to July 24th, 1919, to an ' unknown owner ' for said land and improvements subject to said mortgage of $8,000 and interest, and that Isabella Jordan was entitled to receive said award and interest from July 24th and lawful interest thereon." He further found that Elizabeth Jordan Starr, as committee of the person and property of said Isabella Jordan, was entitled to receive said sum with lawful interest thereon.

On April 6, 1920, the Supreme Court made an order confirming the report of the referee, and further ordering that on said committee giving a bond in an increased sum, the comptroller of the city of New York should " pay out of said sum of $31,731.20 and interest thereon amounting to $11,216.98, being the total of the award made herein for Damage Parcel No. 26, together with lawful interest on both of said sums, after deducting all lawful charges, taxes and assessments against the remaining land of which Damage Parcel No. 26 formed a part," certain specified sums to designated parties for fees, services and expenses " and to pay the remainder of said amount to Elizabeth Jordan Starr, as committee of the person and property of Isabella Jordan, an incompetent person, after all lawful deductions and after deducting all lawful charges, taxes and assessments which are a lien against said Damage Parcel No. 26 prior to the acquisition of the same by the City of New York, and also after the payment of any and all liens upon said property."

On May 12, 1920, respondent accompanied by her attorney appeared before the representative of the comptroller of the city of New York and collected the sum of $39,786.89, being the balance remaining out of the award and interest after the designated payments had been made, and the following receipt was given:

"Received from the Comptroller of the City of New York, Warrant Nos. 60890, 60891 and 60892, for $39,786.89, in full payment of the above account except claim for interest from July 24, 1919, to November 19, 1919, if any.

"ELIZABETH JORDAN STARR,
"*Committee for Isabella Jordan.*"

The exception incorporated in the aforesaid receipt was not acquiesced in by the comptroller.

On November 3, 1920, the respondent verified a petition wherein after setting forth the facts heretofore summarized she set forth:

"VIII. That the Comptroller refused and still refuses to pay interest on the sum of $42,948.18, comprising the award and interest thereon, from July 24th, 1919, the date the Commissioners' report until November 19th, 1919, the date of confirmation of the said report, although petitioner has duly demanded that the said interest be paid to her. That the Comptroller stated that he refused payment for the reason that the award was made to an 'unknown owner' in the Commissioners' report and therefore the amount awarded did not draw interest after the date of the report."

Respondent, therefore, prayed that an order might be made directing and authorizing the comptroller to pay her the lawful interest on the sum of $42,948.18 from July 24, 1919, to November 19, 1919.

Upon this petition a motion was made for an order in accordance with the prayer for relief, and such motion was granted by the order of the Supreme Court appealed from dated January 19, 1921, whereby it was provided:

"Ordered that the Comptroller of the City of New York, on behalf of the City of New York, pay unto Elizabeth Jordan Starr, as Committee of the person and property of Isabella Jordan, an incompetent person, the sum of Eight hundred twenty-two dollars and eighty-two cents ($822.82), being the interest from the date of the report of the Commissioners of Estimate, namely, July 24th, 1919, to the date of the confirmation of said report, namely, November 19th, 1919, on the sum of $42,948.18, the total amount awarded to 'unknown owner,' for the premises known and described as Damage

Parcel No. 26 on the damage map and in the report of the Commissioners of Estimate in the proceeding for the extension of Seventh Avenue from Greenwich Avenue to Carmine Street; the widening of Varick Street from Carmine Street to Franklin Street; and the extension of Varick Street from Franklin Street to West Broadway, Borough of Manhattan, which report was confirmed by an order of the Supreme Court, duly entered in the office of the Clerk of the County of New York on the 19th day of November, 1919."

The sole question presented by this appeal is whether in the case of an award to unknown owners in street opening proceedings interest is allowable intermediate the date of the report and its confirmation.

While this question has been necessarily and directly involved in cases upon which the appellant relies, yet the amount of the interest accruing between the date of the report and the date of the confirmation was so small as to be comparatively negligible, and no special point was made of the right to receive the interest for that period nor did the opinions discuss it. Thus in *Matter of City of New York (East 149th Street)* (196 App. Div. 866; affd., 232 N. Y. 511) the order appealed from directed the payment to the receiver in supplementary proceedings of the property of Thomas Duggan of the sum of $677.05, the amount of an award for a damage parcel originally made to unknown owners by a first partial and separate report dated December 11, 1899; but the order also directed that the comptroller pay the interest on said sum from March 30, 1896 (the date of vesting title in the city) to the time of payment. The question argued and decided was the right to this twenty-five years' accumulation of interest, and no point was made of the right to claim interest in any event until December 26, 1899, when the final order of confirmation was made. In their first report aforesaid the commissioners stated that they had included interest from the date of vesting title to the date of the report pursuant to section 990 of the Greater New York charter (Laws of 1897, chap. 378), and their report shows $677.05 allowed as damage and $150.19 as interest. This court held that the award having been made to unknown owners, interest was not allowable under the statute; (1) it could not be allowed under section 1001 of the

charter, because no demand had been made within six months after the date of confirmation; (2) it could not be allowed under the same section, because there was no person named to whom the award could have been paid; (3) it could not be allowed under section 1002 for a failure to pay an award to unknown owners into court, because no penalty was prescribed for such failure. The commissioners having included in their report interest between the dates authorized by the statute, viz., time of title vesting and date of report, on confirmation the rights became fixed and the real owner could not thereafter appear and claim interest down to the time of payment.

So in *Matter of Einstein* (150 App. Div. 856; affd., 208 N. Y. 588) an award had been made to David L. Einstein and others as executors. The report was confirmed on February 11, 1907. Petitioners, who were the administrators with the will annexed of Lewis Einstein, deceased, applied for the payment of the awards. By the order appealed from they were allowed interest on the award for the period of six months following confirmation of the report, and disallowed interest for the period beginning one year after said date. Construing the statutory provisions for interest contained in sections 1001 and 1002 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1906, chap. 658) the court held that as the award was by the theory adopted by all the parties to be regarded as one made to unknown owners, interest should be allowed beginning one year after the date of confirmation, as the money never had been deposited in court; and that as to the six months' period under section 1001 of the charter as the award was to unknown owners, interest, if it ran at all, ran only as a penalty, and as damages for the wrongful act of the city in withholding payment, but there could be no such wrongful act unless it knew to whom it had to make payment, and, therefore, such interest should not be allowed.

The only case which I can find wherein the precise point was passed on (again among other and larger questions) is *Matter of Guiler* (106 Misc. Rep. 451) where (at p. 453) the court said: " The allowance of interest from the date of the report to the date of its confirmation seems to have been erroneous. The report of the referee is modified by eliminating

that provision, and as modified affirmed." There is no discussion of the reason for reaching this conclusion.

Were this a question to be decided by the provisions of the city charter, I would agree with the contention made by the learned counsel for the appellants, that the interest claimed cannot find warrant in any of the provisions of the city charter. Certainly the interest could not be justified as in the nature of a penalty for the city's remissness in not making prompt payment, for its diligence throughout has been beyond criticism.

But I am forced to reach the conclusion upon the authorities that the respondent is entitled to the interest in question, not as a penalty or as a statutory award, but as part of the lawful and necessary full compensation for the property taken.

In *Matter of Minzesheimer* (144 App. Div. 576) Mr. Justice SCOTT said (at p. 579): " The argument is that the legal closing and discontinuance of the street at once deprives the abutting owner of his easements therein, which are property and cannot be taken without just compensation, and, hence, by analogy to the provision of the Consolidation Act applicable to the acquisition of land for street openings, the petitioner should receive interest upon the award from the date upon which he was divested of title. (See Laws of 1882, chap. 410, § 992, as amd. by Laws of 1893, chap. 660, and Laws of 1895, chap. 449.) It is not to be denied that street easements are property and within the protection of the State and Federal Constitutions. (*Muhlker* v. *Harlem R. R. Co.*, 197 U. S. 544; *Birrell* v. *New York & Harlem R. R. Co.*, 198 id. 390.) Nor is it to be questioned that the commissioners of estimate and assessment in fixing the damages to be paid by way of compensation to an abutting owner whose street easements have been destroyed should award not only the value of these easements when legally taken, but also interest thereon down to the date of the report (*Matter of City of New York [E. 178th St.]*, 107 App. Div. 22; affd., on opinion below, 183 N. Y. 571), but such interest forms a part of the compensation or damages and should be awarded as such. It is not necessary, therefore, that it should be separately stated as

interest. This obligation to include an allowance as for interest in the award does not rest upon anything in the Street Closing Act, which is silent upon the subject, but upon the constitutional requirement that *due* compensation must be made. In this respect the statute differs from section 992 of the Consolidation Act (as amended) which plainly contemplates that, in cases in which title vests in the city before the confirmation of the report, the commissioners shall appraise the damages as of the date when title vested, interest being paid thereon from such date by virtue of the statute, and not because included in the estimate of damage. There is nothing to show that the commissioners of estimate and assessment have not done their full duty in making their award to petitioner. Their report states that their awards represent ' the entire loss and damage ' which the owners of the property affected, including the petitioner, have suffered. If it does include the ' entire loss and damage ' it must include an allowance by way of interest upon the damage which accrued when the legal closing of the street became effective." In affirming the order the Court of Appeals concurred in the opinion of Mr. Justice SCOTT (204 N. Y. 272, 275).

This rule of compensation was carried to its logical finality by the Court of Appeals in *Matter of City of New York (West 151st Street)* (222 N. Y. 370) where Chief Judge HISCOCK wrote (at p. 372): " This appeal involves the question of interest to be paid on an award in street closing proceedings instituted under chapter 1006 of the Laws of 1895, and the respective dates of certain steps in that proceeding become important in the consideration and determination of the question presented to us.

" Commissioners duly appointed in the proceeding made their report awarding damages to appellants' testator April 24th, 1914. On notice given by the city of application for confirmation, this report was confirmed May 14th, 1915. Demand for payment of the award was made November 12th, 1915, and in the payment subsequently made by the city interest was allowed from December 12th, 1915, to the date of payment. Appellants claim that they should have been allowed interest on the award from the date of the report to the date of payment. While we disagree with this conten-

tion as an entirety, we think that the orders which have been made were erroneous in not allowing interest on the award from the date when it was made to the date when it was confirmed.

" In *Matter of Minzesheimer* (144 App. Div. 576), in an opinion by Mr. Justice SCOTT, subsequently adopted by this court (204 N. Y. 272), it was held that damages in a street closing proceeding should include not only the value of the easements taken or destroyed, but also interest thereon from the date when taken to the date of the report; that such interest is allowable as part of the damages which the property owner has sustained, not under any explicit provision of the statute, but under the right to due compensation for taking his property, and that such interest need not be separately stated in the report. We thus see that interest on the value of the easements is included in the award under the constitutional requirement for due compensation for property which has been taken. If the property owner received simply the value of his easements without any interest to the time of the award so made, he would not receive such compensation. We think that this idea and theory of full compensation to the property owner, when completely carried out, require that he should be allowed interest on the award from its date to the date when it is confirmed.

" The statute provides for the institution by the commissioners on behalf of the city of proceedings to secure a confirmation of the award which they have made. Such proceedings were instituted in the present case. The statute clearly contemplates that the award shall not become a perfected and payable obligation against the city until the same has been confirmed. Until this step has been completed, the property owner is not entitled to payment of his award, and the demand provided for by section 11 as a means of setting in motion the accrual of interest on failure of the city to pay would be entirely premature. Under these circumstances it might happen, as it has happened in this case, that through long delay of confirmation without fault on his part, the claimant would be deprived of full and complete compensation for his property unless allowed interest intermediate the award and confirmation thereof. It is not necessary now

to discuss whether this rule should be applied in a case where the claimant himself has delayed confirmation, for, as has been stated, there is no suggestion that any such circumstance exists in this case.

" It is argued in behalf of the city that we are foreclosed from taking the view thus expressed by reason of our decisions in the *Minzesheimer* and *Edelmuth* cases reported respectively in 204 N. Y. 272 and 202 N. Y. 602. It may be admitted that in each of these cases a claim was made by the property owner and rejected by the courts which was broad enough to include a demand for payment of interest on the awards intermediate their dates and the dates of confirmation. Such interest, however, was an inconsequential part of the claim in each case, which was for interest extending over a long period which included the time between award and confirmation. A demand for interest on the award merely from its date to the date of confirmation was not urged or considered by the court in either case, and, therefore, we do not feel that the decisions made in those cases respectively were intended to pass upon and decide the specific question now presented to us."

The court thereupon modified the order appealed from so as to allow interest on the award from the date of the report to the date of confirmation.

The basis for the allowance of interest between these dates being solely that of due compensation to the owner, no valid reason is suggested why the rule does not apply to all owners of property taken whether named in the report or not, whether their identity is then disclosed or later made known. The right to this interest is an incident to the ownership of the land taken and none of the reasons which have been assigned to preclude those who prove title to awards originally made to unknown owners from collecting interest awarded as a penalty for the city's default in making speedy payment apply to the present case. The respondent, being entitled to receive what was due the incompetent from the city for the land taken by it, is entitled to receive what was due compensation for that taking, which, under the Court of Appeals case cited, includes interest from the time of the vesting of title not only to the date of the commissioners' report but beyond that, to the date of confirmation.

The order appealed from will, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., PAGE, MERRELL and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.