(36 Misc. Rep. 590.)

## In re TREMONT BAPTIST CHURCH.

(Supreme Court, Special Term, New York County. December, 1901.)

RELIGIOUS CORPORATIONS—MUNICIPAL IMPROVEMENTS—LIABILITY FOR ASSESS-MENTS.

Laws 1896, c. 618, provides that real estate owned by any religious corporation and used as a place of worship in certain wards of the city of New York shall be exempt from assessments for public improvements levied and assessed during three years from January 1, 1896. The city took title to certain land condemned October 28, 1896; and the report of the commissioners was not filed until February 6, 1899, nor confirmed until April 24, 1901. *Held* that, while the liability to be assessed thereafter accrued on the acquisition by the city of the title to the property for public use, the assessment was not made or levied until the commissioners made their report, and the liability to be assessed depended on the law in force at that time.

In the matter of the application of the Tremont Baptist Church for payment of award in Washington avenue from 3d avenue and east 159th street to Pelham avenue. Application to collect the award, without deduction of assessment for benefits. Denied.

Theodore H. Friend, for petitioner.

John Whalen, Corp. Counsel (James C. Brady, of counsel), for the city.

SCOTT, J. This is an application by the petitioner, a religious corporation, to collect an award in a street-opening proceeding, without deduction of the assessment for benefit. The proceeding was instituted by a resolution of the board of street openings on November 14, 1894, and commissioners of estimate and assessment were appointed on April 13, 1896. Under the statute, and pursuant to a resolution of the board of street openings, title to the property to be taken vested in the city on October 28, 1896. On February 6, 1899, the commissioners signed and filed their report, which, after the usual notice and hearing, was confirmed on April 24, 1901. A portion of petitioner's property was taken, for which an award was made, and an assessment for benefit was laid upon other property of the petitioner not taken for street purposes. It is claimed that this assessment was unlawful. The petitioner relies upon chapter 618, Laws 1896, the first section of which reads as follows:

"The real estate owned by any religious corporation actually dedicated and used by such corporation exclusively as a place of public worship in the Twenty-Third and Twenty-Fourth wards of the city of New York, shall be exempt from all assessments for public improvements, which are now levied and assessed against such real estate, or which may hereafter be levied and assessed against such real estate during three years from January 1, 1896."

It thus appears that, while the title to the property vested in the city while the act of 1896 was in force, the report of the commis-

sioners fixing the amount of the assessment for benefit, and the order confirming that report, were both made more than three years after January 1, 1896. The question, therefore, is, when was the assessment "levied and assessed," within the meaning of the act of 1896? That act, being one providing for the especial exemption of a particular class of property from the public burdens imposed upon other property, is to be strictly, though fairly, construed, and is not, by any strained or fanciful interpretation, to be extended beyond the apparent intention of the legislature as found in the language of the act itself. The petitioner insists that such an assessment must be deemed to have been "levied and assessed" when the liability to assessment accrued, and that this was when title vested in the city. To support this view, extracts are cited from opinions delivered by the appellate division in this department, and especial reliance is placed upon one sentence from the opinion in Re Mayor, etc., of City of New York, 40 App. Div. 452, 459, 58 N. Y. Supp. 100, 105, wherein it was said:

"The true theory of award and assessment is that, when title vests in the city for public use, the property owner's right to just compensation immediately attaches, and therewith the assessment for benefit accrues."

In a later case the court explained at greater length the precise meaning intended to be conveyed by the foregoing sentence, saying:

"It is true that when the title vests in the city for public use under proceedings taken to acquire the property, and the value to be paid for such property is to be assessed upon the adjacent property benefited, such an assessment for benefit may be said to accrue in the sense that at that time it is determined that for the taking of that property at a subsequent time an assessment will be imposed upon the property benefited; but it was not intended to say, nor could the language fairly bear the construction, that an assessment at that time became a lien upon the property, that its amount was then definitely ascertained, or that the condition that existed at that time determined the amount of that assessment. * * * What we said was that when the title of the property vested in the city the liability of the adjacent property benefited by the improvement for an assessment accrued." In re Mayor, etc., of City of New York, 46 App. Div. 52, 61 N. Y. Supp. 437.

Again, in a still later case, the same court said:

"In a general sense, as was observed in Re Mayor, etc., of City of New York (In re Opening of 169th street) 40 App. Div. 452, 58 N. Y. Supp. 100, the assessment for benefit accrues when the title to property taken by the city for a public use vests, and the property owners' right to just compensation thereupon attaches; that is, the right to assess accrues, but not the duty to assess at any particular time or in any particular manner." In re East 175th Street, 49 App. Div. 114, 63 N. Y. Supp. 468.

In each of the cases above cited the question before the court was whether the amount to be assessed should be determined by the statute in force when the title to the property vested in the city, or when the assessment was actually determined by the commissioners, as evidenced by their report; and in each case it was held that the law in force at the date of filing the report controlled the action of the commissioners in that regard. In the very nature of things, and taking words at their usual and natural significance, there is a vast difference between the accruing of a liability to tax-

ation, and the levy and assessment of the tax. A tax or assessment is levied when it is laid upon the property. The benefits derived from a public improvement are assessed when the amount thereof is determined and distributed over the area of benefit. Both of these operations occur when the commissioners file their report, and not before. Reading the opinions of the appellate division above cited in the light of the questions under discussion, the result arrived at seems to be that, while a liability to be thereafter assessed accrues upon the acquisition by the city of the title to property for public use, the assessment itself is not made or levied until the commissioners have made a report, and the amount to be assessed upon any given piece of property depends upon the law in force at the time the report is filed. It follows that the question whether any given piece of property is to be assessed at all also depends upon the law in force when the report is filed, and the assessment thereby made and levied. The comptroller was therefore justified in deducting the amount for benefit from the award for damages.

An order in accordance with this opinion may be settled on notice. Ordered accordingly.

(36 Misc. Rep. 557.)

### HEARN et al. v. WESTERN UNION TEL. CO.

(Supreme Court, Appellate Term. December, 1901.)

**TELEGRAM—DELAY IN DELIVERY.**

The transportation corporations law (Laws 1890, c. 566, § 103) imposes a penalty on a telegraph company which refuses or neglects to transmit dispatches with impartiality and good faith, and in the order in which they are received. *Held* not to authorize recovery for mere delay in transmitting a telegram to another state, though the sender paid extra to have it repeated.