sheriff is clear, and that the salary provided was intended to take the place and be in lieu of only the fees which the sheriff would otherwise be entitled to collect of the county or town for his services, and that it was the legislative intention to leave his fees for services rendered to private litigants in civil cases unaffected by a new arrangement.

Application for mandamus is therefore granted, without costs, under stipulation of attorneys.

---

(96 App. Div. 424.)

### In re OPENING OF CROMWELL AVE.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. MUNICIPAL CORPORATIONS—STREETS—CONDEMNATION OF LAND—INTEREST.

Greater New York Charter (Laws 1897, p. 360, c. 378) § 1001, provides that, unless a demand for payment of an award for land taken for street purposes is made on the comptroller within six months after confirmation of the report of the commissioners, interest ceases at the expiration of that time. By the consolidation act (Laws 1882, p. 227, c. 410, § 992, as amended by Laws 1893, p. 1490, c. 660, and Laws 1895, p. 806, c. 449) the running of interest on an award for land so taken was not limited. *Held*, that where a proceeding for the taking of land for street purposes was instituted under the consolidation act, and title vested in the city while such act was in force, the claimants were entitled to interest under that act until payment of the award.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Application by the mayor, etc., of the city of New York for the condemnation of lands for the opening of Cromwell avenue. From an order directing the issuance of a peremptory mandamus requiring the comptroller to pay certain claimants or their attorneys the sum of $21,505, with interest thereon from October 20, 1897, the city appeals. Affirmed.

See 88 N. Y. Supp. 947.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

John P. Dunn, for appellant.
John C. Shaw, for respondents.

McLAUGHLIN, J. This proceeding was instituted for the purpose of acquiring title to lands necessary for the opening of Cromwell avenue, in the city of New York. Commissioners of estimate and assessment were appointed on the 21st of March, 1897, and the title to the land taken vested in the city on the 20th of October of the same year. The preliminary report of the commissioners was filed on the 9th of January, 1902, in which awards were made to the owners of the land taken; and on the 10th of January, 1903, the commissioners signed their final report, which was affirmed by an order of this court on the 18th of March, 1903. On the 24th of December, 1903, the comptroller of the city notified the owners of the land taken that the city was ready to pay the awards, with interest from October 20, 1897, to September 18, 1903, which was six months subsequent to the confirmation of said report. The respondents claimed they were entitled to interest upon the.

sums awarded to the time payment was made by the city, and, the comptroller having refused to accede to their contention in this respect, they obtained an order for a peremptory writ of mandamus directing him to make such payment, and the city has appealed.

The sole question presented is whether the interest on the awards is to run to the date of payment, or to cease at a date six months subsequent to the date of confirmation of the report of the commissioners of estimate and assessment; and its determination turns upon whether the payment of the award is regulated by the provisions of the consolidation act (Laws 1882, p. 277, c. 410, § 992, as amended by Laws 1893, p. 1490, c. 660, and Laws 1895, p. 806, c. 449), or by section 1001 of the Greater New York charter (Laws 1897, p. 360, c. 378, as amended by Laws 1901, p. 426, c. 466). If the former, then the order must be affirmed; and, if the latter, then it must be reversed.

Under section 1001 of the Greater New York charter, unless a demand for payment of an award is made upon the comptroller within six months after confirmation of the report of the commissioners, interest ceases at the expiration of that time, while, under the consolidation act, as amended, the running of interest is not limited. The Greater New York charter went into effect on the 1st day of January, 1898. This proceeding was instituted under the consolidation act, and title vested while that act was in force. Therefore the interest to which the claimants are entitled upon their awards is to be determined by that act. This has been settled and determined by this court and the Court of Appeals. Matter of 169th Street, 40 App. Div. 452, 58 N. Y. Supp. 100, affirmed, on opinion below, 161 N. Y. 622, 55 N. E. 1097; Matter of East 175th Street, 49 App. Div. 114, 63 N. Y. Supp. 468, affirmed 162 N. Y. 661, 57 N. E. 1117. The question is not now an open one, and therefore the order appealed from, upon these authorities, must be affirmed.

The order appealed from must be affirmed, with $10 costs and disbursements.

All concur, except VAN BRUNT, P. J., who dissents.