### In re OPENING OF 178TH ST., CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

1. MUNICIPAL CORPORATIONS—OPENING STREET—ACQUIRING PROPERTY—STATUTES.

   That the board of public improvements of New York authorized the city to open a street prior to the date when the charter of 1897 took effect had no effect on the proceedings for such opening begun by service of the application for the appointment of commissioners, after the taking effect of the charter, so as to make the provisions of the consolidation act, in force prior to the charter, applicable.

2. SAME—COMPENSATION OF PROPERTY OWNER—VALUE OF PROPERTY—INTEREST—ASSESSMENT FOR BENEFIT.

   Under the express provisions of New York City Charter of 1897, pp. 353, 361, c. 378, §§ 990, 1003, where title to property acquired for the opening of a street had been vested in the city prior to the date of the

commissioners' report, the value of the property at the time it vested in the city, plus interest, at the legal rate until the date of the report, was properly assessed on the lands and premises benefited.

Appeal from Special Term, New York County.

In the matter of the application of the city of New York to acquire property for the opening of a portion of 178th street. Appeal by property owners from an order confirming the report of the commissioners of estimate and apportionment. Affirmed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

John C. Shaw, for appellant.
John P. Dunn, for respondent.

INGRAHAM, J. This proceeding was to acquire title to certain property necessary for the opening of 178th street in the city of New York. The commissioners of estimate and apportionment allowed to the owners of the property interest upon the awards made by them from July 20, 1900, the date of the vesting of the title to the property to be acquired to the date of their report, October 7, 1902, and included such interest in the assessment upon adjoining property.

The sole question presented upon this appeal is whether the commissioners of estimate and apportionment were justified in including such interest in the assessment for benefit. This proceeding was instituted pursuant to a resolution of the board of street opening and improvement adopted June 18, 1897, prior to May 1, 1898, when the charter of 1897 (chapter 378, p. 1, of the Laws of 1897) took effect. The proceeding, however, was commenced by an application made at Special Term on September 15, 1898, after the charter of 1897 took effect. On the 8th day of May, 1899, an order dated the 15th day of September, 1898, was duly entered, by which commissioners of estimate and assessment were appointed, and the oaths of these commissioners were duly filed on June 7, 1899. On June 12, 1899, the commissioners published in the City Record a notice of their appointment, required by the charter, and in pursuance of that notice the commissioners met, and, after hearing all testimony in reference to the claims filed by the various property owners and on behalf of the city of New York, they signed and filed their preliminary report in the bureau of street openings on the 21st day of March, 1902. On July 20, 1900, pursuant to a resolution of the board of public improvements, the title to the property vested in the city of New York. Objections to this preliminary report were filed by certain property owners who were assessed for benefit on the ground that the commissioners included in the assessment interest upon their awards from the date that title vested in the city to the date of their final report. These objections were overruled by the Special Term.

In Matter of the Mayor, 40 App. Div. 452, 58 N. Y. Supp. 100, affirmed on opinion below in 161 N. Y. 662, 55 N. E. 1097, this court held that, where proceedings were instituted, and all the valuations, whether of property taken or of property benefited, fixed before

the charter of 1897 took effect, such proceedings were governed by
the consolidation act (chapter 410, p. 1, of the Laws of 1882), and
were not under the charter; and that position was reaffirmed in
Matter of the Application of the Mayor, etc., Relative to Acquiring
Title to East 175th Street in the City of New York, 49 App. Div.
114, 63 N. Y. Supp. 468, affirmed on opinion below in 162 N. Y.
661, 57 N. E. 1117; and in Matter of Cromwell Avenue, 96 App.
Div. 424, 89 N. Y. Supp. 180. In all these cases proceedings were
commenced and commissioners of estimate and assessment were
appointed prior to the 1st day of July, 1898, when the charter of
1897 took effect. These cases do not apply, as this proceeding
was not commenced until after the new charter took effect. The
fact that the board of public improvements authorized the city to
take proceedings for the opening of this street prior to the date
that the charter took effect had no effect upon the proceedings so
as to make the provisions of the consolidation act in force prior to
the time that the charter took effect applicable. It is the service
of the application for the appointment of commissioners of estimate
and assessment that is the commencement of the proceeding. Prior
to that time the property was not in any wise affected. The title
of the property to be acquired still vested in the owner. The only
effect of the resolution of the board of public improvements was to
authorize the legal representatives of the city to commence pro-
ceedings to acquire the title to the property necessary for the open-
ing of the street, which had been laid out many years before upon
the maps of the city. Until such proceedings were actually com-
menced, nothing had been done that affected the title to the prop-
erty. These proceedings having been commenced after the charter
of 1897 took effect, that charter applied and the right of the com-
missioners to include interest in the award to the owners of prop-
erty taken, and to impose the amount paid for interest in the assess-
ment for benefit, is to be determined by its provisions. Section
990, p. 353, of the charter of 1897, provides that the board of public
improvements may direct that the title or piece or parcel of land
lying within the lines of any street to be opened shall be vested in
the city of New York; that in such cases interest at the legal rate
upon the sum or sums to which the owners, lessees, parties, or per-
sons are justly entitled upon the date of the vesting of title in the
city of New York from said date to the date of the report of the
commissioners shall be allowed by the commissioners as a part of
the compensation to which such owners, lessees, parties or persons
are entitled. Where the title had been vested in the city of New
York prior to the date of the report of the commissioners, the com-
missioners are required to fix the value of the property at the time
it vested, and then to award to the owners, as the value of the prop-
erty, the amount thus fixed, with interest on that sum from the date
the title vested until the date of the report; and the amount thus
fixed as the value of the property at that date plus the interest
is the value of the property at the time the report is filed. In no
other way could the constitutional provision by which property
could only be taken upon payment of its value be complied with.

Interest thus being a part of the compensation to be paid for the property taken for opening the street, which the city was required to pay under section 1003, p. 361, of the charter of 1897, such interest was money paid by the city which was directed to be assessed equally and proportionately upon the lands and premises benefited by the improvement. We think, therefore, that the commissioners were justified in including in the assessment imposed for benefit the amount paid to the owners, including the interest.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.

