(143 App. Div. 223.)

## In re CAMMANN.

(Supreme Court, Appellate Division, First Department. March 10, 1911.)

EMINENT DOMAIN (§ 247*)—CONDEMNATION OF LAND—DAMAGES—INTEREST—
STATUTES.

    Laws 1895, c. 130, § 6, provides that all damages awarded for land taken for public improvements, with interest thereon from the date when the title to the land shall be vested in the mayor, shall, on confirmation by the court of the report, become due and payable by the mayor, and shall be paid accordingly. *Held*, that where damages were awarded to unknown owners, and the city did not pay the award into court, as it might have done, it was liable for interest on the award from the date it was payable.

    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 638–643; Dec. Dig. § 247.*]

Appeal from Special Term, New York County.

In the matter of the application of Hermann H. Cammann, as executor, etc. From an order denying a motion to confirm a referee's report directing the City of New York to pay interest on an award for land taken for the improvement of a street, petitioner appeals. Reversed, and motion to confirm granted.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Merle I. St. John, for appellant.
Joel J. Squier, for respondent.

McLAUGHLIN, J. This appeal is from so much of an order as denied a motion to confirm a referee's report directing payment of interest on an award for land taken by the city from the date of vesting of title. The award was made under section 6 of chapter 130 of the Laws of 1895. The report was confirmed May 4, 1897, at which date title to the land vested in the city. The award was to unknown owners. The sole question presented is whether the city is liable to pay interest upon the award made.

I am of the opinion that it is. The case in principle cannot be distinguished from Matter of Cromwell Avenue, 96 App. Div. 424, 89 N. Y. Supp. 180, and Matter of Board of Street Opening, 35 App. Div. 406, 54 N. Y. Supp. 911. It is true the award in each of those cases was made under section 992 of the consolidation act (Laws of 1882, c. 410), as amended by chapter 660 of the Laws of 1893 and chapter 449 of the Laws of 1895. But section 6, c. 130, of the Laws of 1895, and section 992 of the consolidation act, in force at the time the decision was made in the two cases referred to, are substantially the same so far as the payment of interest is concerned. Section 6 of chapter 130 of the Laws of 1895 provides that:

    "All damages awarded, * * * with interest thereon from the date when the title to the lands and premises * * * shall have vested in the mayor, * * * shall upon the confirmation by the court of the said report become due and payable by the mayor * * * and shall be paid accordingly."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Section 992 of the consolidation act provides that:

"The said mayor * * * shall within four calendar months after the confirmation of the report * * * pay to the respective persons * * * the respective sum or sums so estimated. * * * All damages awarded, * * * with interest thereon from the date when title to the land shall have vested in the mayor, * * * shall be paid by the mayor. * * *"

It will be observed that the act under which the award here under consideration was made directs that upon confirmation the award becomes due and payable by the mayor and "shall be paid accordingly." By the consolidation act the mayor was required to pay the award within four calendar months after confirmation. While the words are somewhat different, the meaning, as I read the statute, is exactly the same. Under both statutes the city is directed to pay the award, with interest, and, not having paid, the claimant is entitled to interest until payment is made. This does not work a hardship upon the city. It could have relieved itself from the payment of interest by paying the amount of the award into court. It did not choose to do so. It took the appellant's land, and thereupon became obligated to pay what it was worth—the amount of the award. It has had the use of the money, and there is no reason why it should not pay therefor.

The fact that the award was made to unknown owners did not relieve it from the payment of interest, for the reasons pointed out in Matter of Board of Street Opening, supra.

So much of the order as is appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion to confirm the report granted, with $10 costs. All concur.

