# APPELLATE DIVISION

### OF THE

# SUPREME COURT

### OF THE

## State of New York.

---

In the Matter of the Application of JOHN O. BAKER, Appellant, for Payment of an Award Made for Damage Parcel No. 8 on the Damage Map and in the Report of the Commissioners of Estimate and Assessment in the Proceedings to Open Haven Avenue from Southerly Line of One Hundred Seventieth Street to a Point 464.31 feet Northerly Therefrom, in the Borough of Manhattan, City of New York.

THE CITY OF NEW YORK, Respondent.

First Department, May 4, 1917.

Eminent domain — municipal corporation — street opening, city of New York — amendment to charter allowing interest on awards to unknown owners is retroactive — claimant to such award entitled to interest although condemnation was instituted prior to amendment.

Chapter 466 of the Laws of 1901, which amended section 1002 of the charter of the city of New York relating to the condemnation of lands for street openings in said city, by providing that on default of payment of awards made to unknown owners the city shall remain liable for such awards deposited with it with "interest thereon from a day one year after the date upon which title vested in The City of New York to the person or persons who may thereafter be found entitled to the same," is retroactive and applicable to condemnation proceedings which were instituted before the amendment went into effect. Hence where a person established his right to an award made to unknown owners he is entitled to interest according to the terms of said amendment.

APPEAL by the petitioner, John O. Baker, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of January, 1917, as denies his motion for the payment of interest on the award herein.

*Litchfield F. Moynahan*, for the appellant.

*Joel J. Squier*, for the respondent City of New York.

SCOTT, J.:

Commissioners of estimate and assessment were appointed in this proceeding on May 8, 1899, and title to the land to be acquired vested in the city of New York on May 31, 1899, pursuant to a resolution of the board of public improvements. The report of the commissioners was confirmed on May 19, 1902, and included an award of $445.50 to unknown owners of a plot known as damage parcel No. 8. It has been shown in this proceeding and is not questioned by the city that petitioner is entitled to be paid that award. The only question involved in this appeal is whether or not he is entitled to be paid interest thereon from the date of confirmation of the report. By the order appealed from he has been denied such interest.

There is no question involved here as to the allowance of interest on the appraised value of the land from the day on which title vested in the city, until the date of the confirmation of the report. It was the duty of the commissioners to include such interest in the award as part of the compensation to be paid to the owner (Greater N. Y. Charter [Laws of 1897, chap. 378], § 990), and we assume that they did so.

What the petitioner claims is interest from the date of confirmation by way of penalty for non-payment, and whether he is so entitled depends upon the determination as to what statute applies.

Section 1002 of the Greater New York charter of 1897, which was in force when this proceeding was instituted, provided that in cases of awards to unknown owners, or to certain other classes of owners it should " be lawful for the city to pay the sum or sums mentioned in the said report, payable, or that would be coming to such owners, proprietors, parties, and per-

sons, respectively, into the said Supreme Court, to be secured, disposed of, and invested as the said court shall direct, and such payment shall be as valid and effectual, in all respects, as if made to the said owners, proprietors, parties, and persons, respectively, themselves, according to their just rights, as if they had been known and had all been present, of full age, discovert, and *compos mentis*." Although this statute made it the duty of the city to pay these awards into court, no penalty or other consequence was provided in case of non-compliance and since there was no provision of statute imposing the payment of interest in such a case, the city could not be charged with interest by way of penalty for non-payment. The section was, however, amended by chapter 466 of the Laws of 1901, by modifying the phraseology and by adding to the provision above quoted the following: "and in default of such payment the said city of New York shall be and remain liable for the amount of the said sums of money with lawful interest thereon from a day one year after the date upon which title vested in The City of New York to the person or persons who may thereafter be found entitled to the same."

If the last quoted provision is applicable the city is liable for the interest on the award in this case from the date of the confirmation of the report because the title to the premises had vested in the city more than one year before such confirmation. We think that the amendment of 1901 is available to the petitioner notwithstanding the proceeding was instituted before that amendment was adopted. The payment of interest in such a case is imposed as a penalty for non-compliance with the statutory requirement that the award shall be paid into court, and the law applicable is that which is in force when the default occurs. (*Salter* v. *Utica & Black River R. R. Co.*, 86 N. Y. 401.) The case is not like those in which a condemnation proceeding had been commenced under the Consolidation Act, and concluded after the enactment of the Greater New York charter, in which it has been held that the payment of interest on awards was regulated by the provisions of the Consolidation Act. (See *Matter of Mayor* [*Cromwell Avenue*], 96 App. Div. 424; *Matter of City of New York* [*E. 178th St.*], 107 id. 22; affd., 183 N. Y. 571.) Here the proceeding was

First Department, May, 1917.          [Vol. 178.

commenced and carried through to a conclusion under the same act. Our conclusion is that petitioner is entitled to interest on the award from the date of the confirmation of the commissioners' report, and the order appealed from will, therefore, be modified accordingly and as modified affirmed, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., SMITH, PAGE and DAVIS, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, with ten dollars costs and disbursements to appellant. Order to be settled on notice.