THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALLASTON REALTY COMPANY, Respondent, *v.* CHARLES L. CRAIG, as Comptroller of the City of New York, Appellant.

Second Department, January 23, 1920.

Eminent domain — street opening proceeding, city of New York — award to person not real owner — right of real owner to interest under Greater New York charter, section 1002.

Where in a street opening proceeding by the city of New York a name was given in the report of the commissioners as that of the owner entitled to the award when in fact another person was the real owner and so entitled, interest should be allowed under section 1002 of the Greater New York charter (Laws of 1901, chap. 466, as amd.) from a date one year from the confirmation of the commissioners' report even though the real owner waited twelve years before claiming the award.

REARGUMENT of an appeal by the defendant, Charles L. Craig, as comptroller, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 27th day of February, 1919, granting a peremptory writ of mandamus requiring the defendant to pay to the relator a certain award in a street opening proceeding, with interest thereon from December 29, 1906.   (See 188 App. Div. 992; 189 id. 914.)

*Joseph A. Solovei* [*William P. Burr, Corporation Counsel,* and *Patrick S. MacDwyer* with him on the brief], for the appellant.

*Litchfield F. Moynahan,* for the respondent.

MILLS, J.:

The question here presented is: What interest is the relator entitled to receive upon the award which was made by report of commissioners confirmed on December 29, 1905? The report made the award in name to one Walter E. Duryea, who had been the owner of the land or parcels involved, but at that time he was not the owner and, therefore, was not entitled to the award, the relator being then the owner and so entitled. The city did not pay the award into the Supreme Court. In 1918 the relator made application to the court for an order directing the payment of the award to it, and the court referred the matter to a referee, who reported in favor of the relator, and an order thereafter was made by the court, at the Kings Special Term, confirming the referee's report and directing the city comptroller to pay to the relator the said award " together with lawful interest thereon."   The comptroller then insisted that he should pay interest on the award only up to six months after the confirmation of the report of the commissioners, pursuant to section 1001 of the Greater New York charter, and the relator insisted that it should receive interest from the date, one year after such confirmation, viz., from December 29, 1906.   That dispute is the sole matter in controversy in this proceeding, and it was solved in favor of the relator by the justice at Special Term, who in his opinion gave at length his reasoning.   (See 174 N. Y. Supp. 705.)   I have read the

opinion carefully and concur in his views.   The gist of the matter is this:   Section 1001 provides for a case where the award is made in terms to a known owner.   This award was in form so made, but in fact it was not made to the real owner.   Section 1002 applies to a case where the award was made to an unknown owner, and as well " where the said owners, parties, or persons, respectively, being named therein [in the report], cannot upon diligent inquiry be 'found."   (See Laws of 1901, chap. 466, §§ 1001, 1002, as amd. by Laws of 1906, chap. 658.   Now Greater New York Charter, §§ 981, 983, as added by Laws of 1915, chap. 606.)   In *Matter of Einstein* (150 App. Div. 856) this court, by the late Mr. Justice CARR writing, held to the same effect as to a case where an award was made to certain persons as executors when they were really administrators with the will annexed.   The controlling part of section 1002 of the Greater New York charter includes also the following: " and also in all cases where the name or names of the owner or owners   *   *   * shall not be set forth or mentioned in the said report."

Certainly in this case the name of the real owner was not " set forth or mentioned in the said report."   I think that the force of that language cannot well be limited to a case where the report makes the award nominally to unknown persons. I am not much impressed by the appellant's argument, urged upon us so forcibly upon reargument, that the respondent waited twelve years before claiming the award.   Either the above-quoted provision of section 1002 applied to the situation where a name was given in the report as that of the owner entitled to the award, when in fact another person was the real owner and so entitled, or it did not so apply.   If it did so apply in the beginning I do not perceive that it could, by lapse of time, become inapplicable.   Under that section all that the city had to do to protect itself from such a claim for interest was to pay the money into court if the person to whom the award had, by the report, nominally been made did not call for it within six months after the confirmation of the report.   Had that been done, the real owner and party entitled would receive only the interest which the fund so paid in actually earned.   If the appellant's view here should prevail, the respondent would lose even that interest.

In short, I think that the Special Term was right in deciding that section 1002 governs.

I advise, therefore, that the order appealed from be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., RICH, KELLY and JAYCOX, JJ., concur.

Order affirmed on reargument, with ten dollars costs and disbursements.