THE PEOPLE OF THE STATE OF NEW YORK ex rel. WAL-LASTON REALTY COMPANY, *v.* CHARLES L. CRAIG, as Comptroller of the City of New York, Appellant.

**Eminent domain — New York (city of) — proceeding to acquire land for streets — interest on award — Greater New York charter (L. 1901, ch. 466, §§ 1001 and 1002), construed and applied.**

1. The Greater New York charter as it was in 1906 (L. 1901, ch. 466, §§ 1001 and 1002), and for more than one year thereafter, provided that interest on awards of damages made by commissioners of estimate and apportionment should cease to run six months after the date of the confirmation of the report of the commissioners unless within that time demand therefor be made upon the comptroller, unless the person or persons to whom damages are awarded shall be under the age of twenty-one years, *non compos mentis,* absent from the city of New York or cannot by diligent inquiry be found.

2. Where in a proceeding, under the charter (L. 1901, ch. 466, § 970 *te seq.*), to acquire lands for a street in the city of New York the commissioners of estimate and apportionment made a report award-ing a certain sum for damages, for land taken, to the then owner of the land, which was confirmed by the court December 29, 1905, but such award has never been paid to him or to any other person or paid into the Supreme Court and no demand has been made for such award except by the relator who acquired title to the land imme-

24   People ex rel. Wallaston Realty Co. *v.* Craig.

[229 N. Y.]   Statement of case.   [May,

diately prior to title thereto vesting in the city, but did not demand payment until 1918, such relator is not entitled to a writ of mandamus requiring the comptroller to pay the amount of the award with interest from December 29, 1906, where it does not appear that the person to whom the award was made was not at the time of the award entitled thereto, or that the award could not be paid to him for any of the reasons enumerated in said sections 1001 and 1002 of the Greater New York charter. Under such provisions and the circumstances, interest cannot be paid after the expiration of six months after the award until a demand for payment has been made, whereupon the interest runs from that demand.

*People ex rel. Wallaston Realty Co.* v. *Craig,* 190 App. Div. 556, reversed.

(Argued April 14, 1920; decided May 4, 1920.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 23, 1920, which unanimously affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel defendant to pay to the relator the amount of an award in proceedings to open Seventeenth avenue in the borough of Brooklyn.

The facts, so far as material, are stated in the opinion.

*John P. O'Brien,* Corporation Counsel (*Joseph A. Solovei* and *Patrick S. MacDwyer* of counsel), for appellant. The award being payable to a person specifically designated in the commissioners' report as owner of and competent to claim the award, in the absence of demand for payment or of notice of adverse claim, the liability of the city for interest thereon was limited to the period prescribed by section 1001 of the Greater New York charter (L. 1901, ch. 466). (*Merriman* v. *City of New York,* 227 N. Y. 279; *Youngs* v. *Stoddard,* 27 App. Div. 162; *Spears* v. *Mayor, etc.,* 87 N. Y. 359; *Matter of Heermance,* 71 N. Y. 481; *Burks* v. *Bosso,* 180 N. Y. 341; *Taylor* v. *Mayor, etc.,* 67 N. Y. 87; *O' Keefe* v. *City of New York,* 176 N. Y. 297; *Barnes* v. *Mayor, etc.,* 27 Hun, 236;

*Fredericks* v. *City of New York,* 44 App. Div. 274; *Matter of City of New York* [*Montgomery Street*], 91 App. Div. 532.)

*Litchfield F. Moynahan* for respondent. The question of interest on awards in street opening proceedings is wholly statutory and in the case at bar is governed by sections 1001 and 1002 of the Greater New York charter (L. 1901, ch. 466), which sections were in effect at the time that the report of the commissioners was confirmed. (*Matter of Belmont Street,* 128 App. Div. 636; *Matter of Trustees, etc.,* 137 N. Y. 97; *Matter of Baker,* 178 App. Div. 1.) Section 1002 of the Greater New York charter (L. 1901, ch. 466) governs the question of interest on the award in this case and the respondent is entitled thereunder to interest on the award from a date one year after the confirmation of the commissioners' report to the date of payment. (*Matter of Einstein,* 150 App. Div. 856; *Matter of Guiler,* 174 N. Y. Supp. 703; *Matter of Cammann,* 143 App. Div. 223; *Matter of Montgomery Street,* 91 App. Div. 532.)

CHASE, J. In 1900 commissioners of estimate and assessment were appointed in a proceeding instituted by the city of New York to acquire title to lands required for the opening of Seventeenth avenue from Flatbush line to Bath avenue in the borough of Brooklyn, city of New York. The commissioners made their report in the proceeding in which they awarded to Walter E. Duryea $7,500 for part of the land taken by the city, known in the proceeding as damage parcels Nos. 28 and 29. The report of the commissioners was confirmed by the court December 29, 1905, and on that day title to the property described in the proceeding vested in the city of New York. (Greater New York Charter, L. 1901, ch. 466, sec. 976.) The relator acquired title to said damage parcels Nos. 28 and 29 by deed from one Hursh, dated September 18, 1905, and it was the owner of said parcels immediately prior to title

26   People ex rel. Wallaston Realty Co. *v.* Craig.

[229 N. Y.]            Opinion, per Chase, J.            [May,

thereto vesting in the city.   On August 1, 1907, the relator paid an assessment in the Seventeenth avenue proceeding for benefit on lands, title to which was vested in it, which assessment amounted to $6,754.71.   The award of $7,500 made to Walter E. Duryea has never been paid by the city to said Duryea or to the relator, or any person, neither has said $7,500 ever been paid into the Supreme Court, and no demand so far as appears was ever made by said Duryea or the relator or any person for said $7,500 until the demand of the relator therefor in 1918.   In 1918 a motion was made in behalf of the relator in this proceeding for an order directing the comptroller of the city to pay such award to it, and on said motion a referee was appointed to take proof and report with his opinion as to the person entitled to the award.

The referee reported that the relator was entitled to receive the award together with lawful accumulations of interest thereon.   The report of such referee was confirmed by the court, and an order was made directing the comptroller to pay the relator the sum of $7,500 " together with lawful interest thereon."   A written demand was then, and on December 12, 1918, made upon the comptroller in behalf of the relator for the payment of said $7,500 with interest thereon from December 29, 1906.

On January 21, 1919, the comptroller tendered to the relator $7,797.50 in payment of the award which amount included interest on the award for six months after it was confirmed by the court.   This application is to compel the comptroller to pay to the relator the sum of $7,500 with interest thereon from December 29, 1906.   An order was made accordingly from which an appeal was taken to the Appellate Division where the order was unanimously affirmed.   (*People ex rel. Wallaston Realty Co.* v. *Craig,* 188 App. Div. 992; *S. C.,* 190 App. Div. 556.)   It has been authoritatively determined that the relator is entitled to payment of the award with lawful interest thereon.   What is the amount of that lawful interest must

People ex rel. Wallaston Realty Co. *v.* Craig.   **27**

1920.]                    Opinion, per Chase, J.                    [229 N. Y.]

be ascertained from the statutes. (*Matter of Trustees N. Y. & B. Bridge*, 137 N. Y. 95.) Where interest is imposed as a penalty for non-compliance with the statutory requirement that the award shall be paid into court the law applicable is that which is in force when the default occurs. (*Salter* v. *Utica & Black River R. R. Co.*, 86 N. Y. 401.) The statutes controlling in this case are sections 1001 and 1002 of the Greater New York charter as it was in 1906 and for more than one year thereafter. (Now sections 981 and 983 of said charter as amended.)

Said section 1001 provides: "All damages awarded by the commissioners of estimate and assessment with interest thereon from the date of said report, and all costs and expenses which may be taxed, shall be paid by The City of New York to the respective persons and bodies politic or corporate *mentioned or referred to in said report,* or in whose favor such costs or expenses shall be taxed. Interest shall cease to run on sums awarded as damages six months after the date of the confirmation of said report unless within that time demand therefor be made upon the comptroller. * * *."

Said section 1002 provides: " Whenever the owners and proprietors of any such lands, tenements, hereditaments and premises so to be taken for any of the purposes aforesaid or the party or parties, person or persons interested therein, or any, or either of them, the said owners, proprietors, parties or persons in whose favor any such sum or sums, or compensation shall be so reported, shall be under the age of twenty-one years, *non compos mentis,* or absent from The City of New York, and also in all cases where the name or names of the owner or owners, parties or persons entitled unto or interested in any lands, tenements, hereditaments, or premises that may be so taken for any of the purposes aforesaid, shall not be set forth or *mentioned in the said report,* or where the said owners, parties, or persons, respectively, being named therein, can not upon diligent inquiry be found, it shall

28   People ex rel. Wallaston Realty Co. v. Craig.

[229 N. Y.]          Opinion, per Chase, J.          [May,

be the duty of the city to pay the sum or sums mentioned in the said report, payable, or that would be coming to such owners, proprietors, parties, and persons, respectively, into the said supreme court, to be secured, disposed of, and invested as the said court shall direct, and such payment shall be as valid and effectual, in all respects, as if made to the said owners, proprietors, parties, and persons, respectively, themselves, according to their just rights, as if they had been known and had all been present, of full age, and *compos mentis;* and in default of such payment the said city of New York shall be and remain liable for the amount of the said sums of money with lawful interest thereon from a day one year after the date upon which title vested in The City of New York to the person or persons who may thereafter be found entitled to the same.   *   *   *."

It is not claimed that Duryea was:

1. Not of full age.
2. Not *compos mentis.*
3. Absent from the city of New York; nor,
4. Could not by diligent inquiry be found.

Duryea was named in the *report of the commissioners* as an owner entitled to the award.   The claim of the relator is that Duryea was not the owner at the time the *report was confirmed* by the court.   It urges that as it was the owner of damage parcels Nos. 28 and 29 when title thereto vested in the city the report of the commissioners which it assumes included by mistake the name of Walter E. Duryea as the owner thereof and the order confirming the same, can be treated as if the award had been made to *unknown owners*, and that the city not having paid the award to Duryea before it had knowledge that he was not the true owner thereof at the time title vested in it must now pay to the relator interest on the award from one year after title to the lands vested in the city, which was on December 29, 1905.

Notwithstanding that it is found that the relator was

the owner of said damage parcels when title thereto became vested in the city, it is asserted by counsel for the city that Duryea was the owner of said damage parcels at the time of the commencement of the proceeding to acquire title to the lands within Seventeenth avenue and for some time thereafter and appeared as such in the proceeding. There is nothing in the record before us to show that Duryea did not own such damage parcels *when the report of the commissioners was made.* If so, clearly no mistake was made in directing that the award be made to him. If he was then the owner of the damage parcels the direction to pay the award to him was rightful and in accordance with their duties as provided by statute. If Duryea was the owner thereof when the award was made by the commissioners and transferred the property and award to another after the report was made and before the confirmation thereof, that fact does not seem to have been called to the attention of the court at the time the award was confirmed or at any time.

The report of the commissioners directed payment of the award for said damage parcels to a definite person and it is not shown that *at the time* Duryea, to whom the amount was thus awarded, was not entitled as owner thereto.

It is not necessary on this appeal to decide the many questions suggested by counsel herein except that we decide that the relator has not brought itself within the provisions of said section 1002 of the charter requiring the city to pay interest on an award as therein provided from a day one year after the date upon which title vested in the city of New York.

The orders of the Special Term and Appellate Division should be reversed, with costs in the Appellate Division and this court, and the motion denied, with ten dollars costs.

Hiscock, Ch. J., Hogan, Cardozo, McLaughlin, Crane and Elkus, JJ., concur.

Orders reversed, etc.