In the Matter of the Application of WILLIAM C. BERGEN, Appellant,
for Payment of Award Made for Parcels Nos. 4 and 5 on the
Damage Map and in the Report of the Commissioners of Esti-
mate and Assessment in Proceedings to Open Lorillard Place,
from Third Avenue to Pelham Avenue, in the Borough of The
Bronx, New York City.

### COMPTROLLER OF THE CITY OF NEW YORK and Another, Respondents.

First Department, July 6, 1923.

Eminent domain — condemnation of land in New York city for street
purposes — interest on award made to unknown owners in 1903 —
comptroller of city was ordered in 1906 to pay award to named person
as unknown owner — warrant was drawn but award was not collected
— order of 1906 was vacated in 1919 and comptroller was directed to
pay award to applicant herein — illegal order of 1906 did not relieve
city of obligation of paying money into court under Greater New York
charter, § 1002 — failure of applicant to apply for award for seventeen
years not bar to claim — applicant is entitled to additional interest
from date of warrant drawn in 1906 to date of order directing payment
to applicant.

On an application for an award made to unknown owners in 1903 for land taken
in New York city for street purposes, it appeared that an order was entered
in 1906 directing the comptroller of the city of New York to pay the award to
a named person not the applicant herein; that a warrant was drawn to the
order of said person for the amount of the award with interest to the date of
the warrant but that the award was never collected; that said order was granted
upon a false showing as to the person entitled to the award; that the applicant
herein secured an order in 1919 vacating the order of 1906 and directing that
payment be made to him, and that the applicant refused to accept the payment
which did not include interest from 1906, the date of the original warrant, to
1919, the date of the order directing payment to the applicant.

*Held*, the award having been made to unknown owners the city was, under section
1002 of the Greater New York charter, required, after the expiration of one
year, to pay the same into court under penalty of paying interest if it failed to
do so and this obligation was not removed by the false claim upon which the
order of 1906 was made, and for the procuring of which the applicant herein
was in no way responsible.

The failure of the applicant herein to make demand for the amount of the award
for seventeen years is not a valid objection to his claim, since under the statute
he was entitled to have the amount of his award remain invested as court funds
if he desired it.

It was not incumbent upon the applicant to explain his delay in moving to vacate
the order granted in 1906 since he was not responsible for that order.

Accordingly, the applicant is entitled to additional interest on the award made
to unknown owners from the date of the warrant issued under the order of
1906 to the date of the order directing payment of the awards to him.

CLARKE, P. J., and MERRELL, J., dissent.

APPEAL by the petitioner, William C. Bergen, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of March, 1922, denying his motion for an order directing the comptroller of the city of New York to pay him interest on awards in street opening proceedings.

*Herbert Cole,* for the appellant.

*George P. Nicholson, Corporation Counsel [Joel J. Squier* of counsel; *William B. R. Faber* with him on the brief], for the respondents Comptroller of the City of New York and The City of New York.

MARTIN, J.:

On September 15, 1903, an order of the Supreme Court was made and entered in a proceeding to acquire title to Lorillard place from Third avenue to Pelham avenue, borough of The Bronx, confirming the report of the commissioners of estimate and assessment. The awards for damage parcels Nos. 4 and 5 were made to *unknown owners.*

On May 21, 1906, an order was made in the Supreme Court directing the comptroller to pay said awards to Katherine Van Valkenberg, and a copy of that order was duly served upon the comptroller, who caused a warrant to be drawn to the order of Katherine Van Valkenberg for the amount of the awards with interest to July 20, 1906, the date of the warrant. The awards were never collected.

Pursuant to an application made on or about July 29, 1919, the Supreme Court on or about October 15, 1919, made orders canceling and vacating the order directing the comptroller to pay Katherine Van Valkenberg and directing payment to be made to the appellant. Thereupon a warrant was drawn for the same amount as the warrant that had been drawn for the purpose of paying Katherine Van Valkenberg. Appellant refused to accept the amount thereof and applied for an order directing the comptroller to pay him, additional interest from July 20, 1906, to October 15, 1919, the date of the orders directing payment of the awards to him. The present appeal is from the order denying his application.

In *Matter of Baker* (178 App. Div. 1) Mr. Justice SCOTT, writing for the court, pointed out that previous to the amendment made by chapter 466 of the Laws of 1901, no penalty was imposed upon the city for failing to pay awards into court as provided in section 1002 of the Greater New York charter of 1897 (Laws of 1897, chap. 378); but by chapter 466 of the Laws of 1901 it was provided that " in default of such payment the said city of New York shall

First Department, July, 1923.          [Vol. 206

be and remain liable for the amount of the said sums of money with lawful interest thereon from a day one year after the date upon which title vested in The City of New York to the person or persons who may thereafter be found entitled to the same." * It is there stated by Mr. Justice S COTT as follows: " The payment of interest in such a case is imposed as a penalty for non-compliance with the statutory requirement that the award shall be paid into court, * * *." It was held that the amendment of 1901 is retroactive and applicable to condemnation proceedings which were instituted before the amendment went into effect.

In this case the failure of the city to pay the awards into court is said to have been due to the order which directed payment to Katherine Van Valkenberg. The question before us is whether that order has the effect of relieving the city from interest, although the award was not paid into court and could not have been invested as court funds. The city contends that no interest should be imposed on it further than the interest which was included in the warrant made out to Katherine Van Valkenberg. However, as appellant points out, that order was not binding upon him. Apparently it was made upon a false showing as to the person entitled to the awards.

Reliance is placed by the city on the case of *Merriman* v. *City of New York* (227 N. Y. 279). It was there held that when an award had been made, duly confirmed and paid as directed by the order of confirmation, a mortgagee who has failed to present or prove her claim cannot maintain an action against the city to recover the mortgage debt. The opinion in that case points out that the commissioners were required by the charter to publish a notice requiring all parties and persons interested in the real estate taken, or to be taken, and having any claim or demand on account thereof, to present the same duly verified, with such affidavit or other proof as the statute made provision for, giving all interested persons an opportunity to be heard on the confirmation of the report of the commissioners; and that on final confirmation the report shall be final and conclusive, except if set aside or reversed on appeal. It was further pointed out that all the requirements of the charter relating to the taking of lands for street purposes had been complied with by the city, so far as appeared; that plaintiff never filed a claim and never appeared or asserted any claim whatever, but wholly defaulted. It was there held by the Court of Appeals that an owner had the right and duty to present any claim he might

---

* Since amd. by Laws of 1906, chap. 658. See Laws of 1906, chap. 658, § 33. Now § 983, as added by Laws of 1915, chap. 606, but said section does not affect this proceeding. (See Laws of 1915, chap. 606, § 3.) — [R EP.

have to a legal or equitable interest in the award in the manner provided by the charter; and that the city was protected by the charter provisions and was not required at its peril to bring in all persons having claims, legal or equitable, of which claims it had notice, actual or constructive.

We find no analogy between the situation there disclosed and that now before the court on this application. The awards here having been made to unknown owners, the city was, after the expiration of one year, required to pay the same into court under penalty of paying interest if it failed to do so. In our opinion, this obligation was not removed by the false claim upon which the order was made, directing that payment be made to Katherine Van Valkenberg. There is nothing in the statute to justify such an interpretation.

At the Special Term below the justice who denied the application said: " The payment of interest is in the nature of a penalty imposed upon the city if it does not pay the money as directed in the award or pay the money into court as directed by section 1002 of the charter. In the present case the city could not make such payment after 1906, and the claimant's failure to make a demand for such moneys for twenty-one years is unexplained."

So far as there is any basis for the assertion that the city could not make such payment after 1906, it is made in reliance upon the order to Katherine Van Valkenberg; this should never have been made. While the order was unfortunate for the city, in that it probably led the Comptroller to refrain from paying the amounts of the awards into court, there is nothing to show that this applicant was in any way responsible for it.

This view also leads to the conclusion that the failure of the applicant to make a demand for the amount of the awards for a number of years, sixteen, as stated here, is not pertinent and is not a valid objection to the order sought. Under the statute he was entitled to have the amount of his awards remain invested as court funds, if he desired it.

While it is true, as asserted by the city, that there is nothing to show that the comptroller, at any time while the order directing payment to Katherine Van Valkenberg was in force, had any reason to suspect that she was not the true owner of the awards, we fail to see why that should be construed as depriving this applicant of his rights as provided by statute. Although it may be true, as asserted by the city, that it was not the comptroller's fault that the order entered May 21, 1906, directed payment to some one not entitled thereto, we cannot agree with the further assertion that the comptroller could not, on account of said order, pay the awards

into court, as provided by section 1002 of the charter. The city would have us extend the doctrine of the case of *Merriman* v. *City of New York* (*supra*) and have us hold that the invalid order would be a complete protection against the city, had it paid the claim, as thereby directed, to the wrong person. We find no such extension to be justified by the reasoning of that case.

Nor is the reasoning in the case of *People ex rel. Wallaston Realty Co.* v. *Craig* (229 N. Y. 23) controlling. There the award was not made to an unknown owner. It was made to one Duryea. Eventually, after a reference, it was determined that the relator in that case was entitled to receive the award with lawful interest thereon. The Court of Appeals held that the award could not be treated the same as if it had been originally made to an unknown owner; that there may have been no mistake in directing that the award be made to Duryea, for he may have been the owner thereof when the award was made by the commissioners; and that the relator had not brought itself within the provisions of said section 1002 requiring the city to pay interest on the award, as therein provided.

It was not incumbent upon the applicant Bergen to explain his delay in moving to vacate the order directing payment to Katherine Van Valkenberg. It does not appear that he was in any way a party to the application on which that order was obtained. We are unwilling to hold that the applicant should be charged with laches, when he was not under any duty to assert his claim. The situation is that the city has failed to relieve itself of the burden of paying interest by reason of an invalid order which is not binding upon the applicant. The city says the only neglect of duty shown is chargeable to the appellant. But that assumes that the applicant was under a duty. In fact the statute placed the duty on the city of paying the award into court and imposed, as a penalty for its violation, the obligation to pay interest from a date one year following confirmation. The only excuse for failing to pay is the order, which must have been invalid in view of the order finally directing that payment be made to this applicant.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

SMITH and MCAVOY, JJ., concur; CLARKE, P. J., and MERRELL, J., dissent.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.